**TOWN OF KIMBALL (West Virginia), a Municipal Corporation, Plaintiff,**

v.

**AETNA CASUALTY & SURETY COMPANY, a Foreign Corporation, Defendant.**

**Civ. A. No. 80–1103.**

United States District Court, S. D. West Virginia, Bluefield Division.

April 7, 1981.

Norris Kantor, Katz, Kantor, Katz, Perkins & Cameron, Bluefield, W. Va., for plaintiff.

Charles A. Tutwiler, Tutwiler, Crockett & LaCaria, Welch, W. Va., for defendant.

## MEMORANDUM OPINION

KIDD, District Judge.

This action for declaratory relief was filed in West Virginia State Court on or about October 2, 1980. The matter was removed to this Court on November 6, 1980.

The plaintiff Town requests that this Court construe a contract of insurance executed by the parties hereto. The matter has been submitted on the pleadings with a stipulation of fact, each party moving for summary judgment.

The Town of Kimball, West Virginia, (hereinafter "Town") sought, and obtained from the defendant Company, an *Owners', Landlords' and Tenants' Liability Insurance Policy.* That policy covered a building owned by the Town which housed, among other things, the police station, and was issued on October 10, 1979.

In July 1980 an individual sued the Town of Kimball and employees of the Town under several theories, including deprivation of civil rights (Title 42, United States Code, Section 1983), assault and battery and negligence (this suit will hereinafter be referred to as the "parent suit"). The Town was not named in any of the six enumerated causes of action in the parent suit but in paragraph number 6 of the complaint the individual alleged that the Town was the employer of the other defendants. Further, there is an allegation of a course of misconduct carried on by at least one city official (paragraph 15 of the parent suit) which, if proven, could work to the Town's detriment.

After the filing of the parent suit the Town informed its insurance Company * that it had been sued. The insurer denied coverage and thus refused to defend.

Thereafter, as previously stated, on October 2, 1980, the Town brought suit in state court to have the insurance contract interpreted; that action was removed to this Court on November 6, 1980.

The contract has been tendered to the Court by stipulation and made a part of the record. The provision which the parties wish interpreted reads as follows:

"Bodily Injury Liability Coverage; Property Damage Liability Coverage

"The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of

bodily injury or property damage

to which this insurance applies, caused by an occurrence and arising out of the ownership, maintenance or use of the insured premises and all operations necessary or incidental thereto, and the company shall have the right and duty to defend any suit against the insured seeking damages on account of such bodily injury or property damage, even if any of the allegations of the suit are groundless, false or fraudulent, and may make such investigation and settlement of any claim or suit as it deems expedient, but the company shall not be obligated to pay any claim or judgment or to defend any suit after the applicable limit of the company's liability has been exhausted by payment of judgments or settlements.

"Definitions

" 'occurrence' means an accident, including continuous or repeated exposure to conditions, which results in bodily injury or property damage neither expected nor

---

* Aetna Casualty and Surety Company; the defendant herein.

intended from the standpoint of the insured."

The issue now before the Court is whether the defendant, Aetna, is obligated to defend the plaintiff, Town of Kimball, in a law suit brought by an individual who complains of tortious and unlawful conduct on the part of the Town.

The issue is *not* whether Aetna insured the Town against perils like that of which the individual complains, but whether it *may* have so insured the Town.

At the onset, the Court notes that it will maturely consider the question and render a decision based upon the *evidence now before* the Court. However, any final declaration of the rights of these parties is primarily subject to a jury determination in the parent suit; this will become clear as this opinion matures.

The subject policy provides:
"... the company shall have the right and duty to defend any suit against the insured seeking damages on account of such *bodily injury* or *property damage, even if the allegations of the suit are groundless, false or fraudulent* ..." (emphasis original and added)

Such a clause is interpreted as meaning that the insurer's obligation to defend its insured is to be determined from analysis of the allegations contained in the complaint against its insured, even if such allegations are groundless or false. *See,* 44 Am.Jr.2d, *Insurance,* § 1539. Furthermore, if the complaint includes alternate theories of recovery, one or more of which is a covered peril, the insurer is bound to defend as to the claims covered. *Employers Mut. Liability Ins. Co. of Wis. v. Hendrix,* 199 F.2d 53 (4th Cir. 1952). Likewise, if the claim set forth in the complaint is one which is expressly excluded by the policy provisions, the insurer need not undertake its defense. *McGann v. Hobbs Lumber Co.,* 150 W.Va. 364, 145 S.E.2d 476 (1965).

In the case now before the Court, the Town of Kimball is defending numerous allegations. Among the theories propounded by the individual in his suit against the Town, and others, are: deprivation of civil rights; assault and battery, gross negligence, and negligence. Some of the language used in the complaint in the parent suit is as follows:

"... intimidation and infliction of intentional injuries ...", "... denied ... rights, privileges, and immunities guaranteed ...", "... brutally and maliciously beaten ...", "... conduct was abusive, excessive, and unwarranted ..." (paragraph 9 of the parent complaint).

"... malicious act of violence and intimidation ...", "... illegal, improper, and unnecessary [conduct] ..." (paragraph 10 of the parent complaint).

"... assault and battery negligence, and gross negligence ..." (paragraph 12 of the parent complaint).

"... intent to deprive plaintiff of his right to freedom from physical abuse, coercion and intimidation."

Some of the above allegations are directed at individual defendants and some directed at all of them.

It is clear that if the plaintiff's only claim against the Town of Kimball was based upon Title 42, United States Code, Section 1983, the Town could not call upon its insurer to undertake the defense if the plaintiff's claim is based upon a respondeat superior theory. *Monell v. Department of Social Services of the City of New York,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

The bulk of the complaint filed in the parent suit is dedicated to assertions of intentional conduct on the part of the defendants. It cannot be disputed that the language contained in the contract of insurance excludes a requirement that the insurance company defend against "intended" injuries. However, in *Monell,* the court held that under some circumstances a municipal corporation may be held liable for violations under § 1983.

In *Monell,* Mr. Justice Brennan wrote:
"We conclude, therefore, that a local government may not be sued under § 1983 for an injury inflicted solely by its

employees or agents, instead, it is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government, as an entity is responsible under § 1983. *Id.* at 694, 98 S.Ct. at 2037.

The court went on to say that it expressed no opinion as to the full parameters of municipal liability under § 1983. *Id.* at 695, 98 S.Ct. at 2038.

Likewise, in *Long v. City of Weirton,* W.Va., 214 S.E.2d 832 (1975), the West Virginia Supreme Court of Appeals abolished the long-standing state rule of municipal governmental immunity and ruled that an individual could maintain an action for negligent performance of its municipal functions.

It is clear that the plaintiff, in his state circuit court suit, could introduce evidence, under his existing pleadings which would allow a jury to return a verdict against the Town of Kimball for something less than intentional misconduct.

The question before this Court is whether the insurer is contractually bound to defend the Town under the record before this Court. It is not necessary that the Court now determine the existence of, or degree of, municipal responsibility.

It is the opinion of the Court that the defendant, Aetna Casualty and Surety Company, must undertake the defense of its insured, the Town of Kimball, in order to comply with the agreement of the parties executed in October, 1979.

By this opinion, the Court is not intimating that the insurer will become obligated to pay an ultimate judgment; nor is the Court expressing any opinion as to the merits of the parent suit. The Court merely holds that the individual in the parent suit has set forth sufficient allegations in his pleadings to compel the insurer to assume the Town's defense.

Finally, the Court notes that the insurer excluded some seventeen specific perils or contingencies from its coverage. It is not unreasonable to believe that had they not wanted to cover the activity of police or firemen they would have also specifically excluded the use or operations of such personnel.

For the reasons set forth herein, it is the opinion of the Court that the defendant, Aetna, is obligated to undertake the defense of the plaintiff Town of Kimball, in the McDowell County civil suit.

The Clerk is directed to enter judgment hereon.

The Clerk is further directed to mail certified copies of this Memorandum Opinion to counsel of record herein.