290 S.E.2d 896

John P. HELFELDT and Diane
L. Helfeldt

v.

William L. ROBINSON and
Colleen Robinson

v.

UNITED STATES FIDELITY AND
GUARANTY COMPANY.

No. 14663.

Supreme Court of Appeals of
West Virginia.

Dec. 18, 1981.

Dissenting Opinion April 30, 1982.

Harshbarger, J., dissented and filed opinion.

Steptoe & Johnson and Herbert G. Underwood, Clarksburg, for appellant.

S. J. Angotti, Morgantown, for appellees.

McHUGH, Justice:

This action is before this Court upon the petition of the third party defendants, United States Fidelity and Guaranty Company, Fidelity and Guaranty Underwriters, Inc., (hereinafter "U.S.F.&G."), for an appeal from the final order entered on October 30, 1978, of the Circuit Court of Monongalia County, West Virginia. Pursuant to that order, U.S.F.&G. was held liable upon a contract of insurance to its insureds, William L. and Colleen Robinson, d/b/a Robinson Construction Company, (hereinafter "Robinsons"), for a judgment entered by the circuit court against the Robinsons and in favor of the plaintiffs, John P. and Diane L. Helfeldt, (hereinafter "Helfeldts"), for the faulty construction of a home. This Court has before it the petition for appeal, all matters of record and the briefs and argument of counsel.

The record indicates that the Robinsons and U.S.F.&G. entered into a contract of insurance, policy number 1cc966892, whereby the Robinsons were insured for the peri-

od March 17, 1976, to March 17, 1977. In the pleadings filed in circuit court, U.S. F.&G. refers to this contract as a comprehensive general automobile and property liability insurance policy.

On June 26, 1976, William L. Robinson entered into a real estate purchase contract with John P. Helfeldt wherein Robinson agreed to convey to Helfeldt a lot known as Lot 17, Block C, Baker's Ridge Manor Addition, Union District, Monongalia County, West Virginia. Subsequently, by general warranty deed dated August 4, 1976, the Robinsons conveyed the lot to the Helfeldts. As stated in the deed, the consideration for that conveyance was $68,000.

The petition for appeal to this Court alleges that during the period in question the Robinsons were engaged in the building of homes in the area of Monongalia County, West Virginia, and that the home purchased by the Helfeldts from the Robinsons was not completed at the time of sale.

In June, 1977, the Helfeldts filed an action in the Circuit Court of Monongalia County against the Robinsons alleging that the home purchased by the Helfeldts was faulty in design, material and construction and not built "in a workmanlike manner." The Helfeldts alleged that the defendants, the Robinsons, had acted in a negligent manner, in breach of contract and in violation of implied and express warranties of fitness of the home.

Subsequent to a trial held on July 25 and 26, 1978, the circuit court by order entered August 1, 1978, entered judgment in favor of the Helfeldts and against the Robinsons in the amount of $28,037, being $21,037 for cost of repairs and $7,000 for annoyance and inconvenience. The Robinsons were also held liable for interests and costs. The circuit court concluded that the Robinsons had acted negligently and had breached an implied warranty of fitness in the construction of the home. The circuit court held that poor workmanship by the Robinsons had resulted in the damages to the Helfeldts.

Prior to the August 1, 1978, judgment against the Robinsons, the Robinsons filed a third party complaint against U.S.F.&G.

That third party complaint asserted that U.S.F.&G. had improperly failed to defend the Robinsons in the Helfeldt action and that U.S.F.&G. was liable to the Robinsons for all sums adjudged against the Robinsons in favor of the Helfeldts concerning the property in question. In its answer to the third party complaint, U.S.F.&G. asserted that the Robinsons had failed to comply with the terms of the insurance contract and, further, that the insurance contract did not cover the type of damages sought by the Helfeldts against the Robinsons.

Nevertheless, by final order entered October 30, 1978, the circuit court entered judgment in favor of the Robinsons and against U.S.F.&G. in the amount of $28,037 plus interests and costs.

In entering judgment against U.S.F.&G., the circuit court concluded that the insurance contract between the Robinsons and U.S.F.&G. was ambiguous and therefore required construction. The circuit court in holding U.S.F.&G. liable to its insureds, the Robinsons, relied upon an exception to the insurance contract's enumerated exclusions of U.S.F.&G. from liability. As the circuit court stated in its October 23, 1978, memorandum opinion:

It is therefore the opinion of this Court that the Robinsons' insurance policy provides coverage for damages found to exist by this Court against the Robinsons and for the benefit of the original plaintiffs upon the liability of a breach of warranty of fitness and that work performed by or on behalf of the named insured will be done in a workmanlike manner. There can be no other conclusion when the policy in the instant case reads as follows, 'but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.'

It is from the final order of the Circuit Court of Monongalia County that the appellant, U.S.F.&G., appeals to this Court.

The provisions at issue of the insurance contract between the Robinsons and U.S. F.&G. relate to provisions concerning coverage and exclusion of insurance. Those provisions state as follows:

The Company will pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of ... property damage to which this insurance applies, caused by an occurrence....

Exclusions

This insurance does not apply:

(a) to liability assumed by the Insured under any contract or agreement except an incidental contract; but, this exclusion does not apply to a warranty of fitness or quality of the Named Insured's products or a warranty that work performed by or on behalf of the Named Insured will be done in a workmanlike manner....

(*l*) to property damage to premises alienated by the Named Insured arising out of such premises or any part thereof...

(n) to property damage to the Named Insured's products arising out of such products or any part of such products....

(*o*) to property damage to work performed by or on behalf of the Named Insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith....

In this appeal, U.S.F.&G. contends that the Helfeldt home was the product of the insureds, the Robinsons, and that defective construction by the Robinsons resulted in damage to that product. Furthermore, U.S.F.&G. asserts that no damage was caused by that defective construction to property other than the insured's product. Therefore, U.S.F.&G. concludes that the damages to the Helfeldt home were not covered by the insurance contract, particularly in view of exclusions (*l*), (n) and (*o*). These exclusions state, essentially, that the insurance contract does not cover damages to the insured's product. Rather, as U.S. F.&G. contends, the contract is a general liability insurance contract by which the

Robinsons would be covered for damage caused by that product to the persons or property of others.

On the other hand, the Robinsons contend that the insurance contract is ambiguous and should be liberally construed in the Robinsons' favor. In support of this contention, the Robinsons, as did the circuit court, rely upon the exception to exclusion (a) of the insurance contract. Specifically, the Robinsons allege that the exception to exclusion (a) is inconsistent with the other exclusions in question thereby creating the ambiguity. That exception to exclusion (a) states that the exclusion "... does not apply to a warranty of fitness of quality of the Named Insured's products or a warranty that the work performed by or on behalf of the Named Insured will be done in a workmanlike manner."

In *McGann v. Hobbs Lumber Company*, 150 W.Va. 364, 145 S.E.2d 476 (1965), the plaintiffs retained the Hobbs Lumber Company to construct a home. Shortly after the home had been completed and occupied, a portion of the foundation wall collapsed resulting in damage. The plaintiffs, alleging negligent construction, instituted an action against Hobbs in the Circuit Court of Ohio County, West Virginia.

In *McGann*, the Hobbs Lumber Company filed a third party complaint against the Aetna Casualty and Surety Company whereby Hobbs alleged that, pursuant to certain insurance contracts, Hobbs could recover against Aetna all sums adjudged against Hobbs in the *McGann* action for damage to the home. This Court, however, held that an exclusion provision contained within the insurance contracts precluded Aetna from liability to Hobbs.

One of the insurance contracts in *McGann* provided that Aetna was to insure Hobbs as follows: "To pay on behalf of the Insured all sums which the Insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident." That insurance contract, however, also contained an exclusion clause which stated that the Aetna contract did not apply to injury to or destruction of

"... any goods, products or containers thereof manufactured, sold, handled or distributed or premises alienated by the named Insured, or work completed by or for the named Insured, out of which the accident arises...." In considering the above provisions, this Court concluded in *McGann* as follows:

It must be kept in mind that the policy in question is a liability policy, not one insuring the property or work of the insured. Covered is any damage caused by the products or operations used or completed by the insured. In other words, if any product used in the operations of the insured or any work completed by the insured causes damage to any property of another for which the insured may be legally liable, the insurer is liable under this policy.[1]

150 W.Va. at 368, 145 S.E.2d at 479.

In *McGann*, this Court observed as follows with respect to actions involving insurance contracts: "It is widely recognized that language of insurance policies is often necessarily complicated and difficult for the layman to fully understand. This alone does not connote ambiguity. Contracts of insurance, like other contracts, must receive a practical and reasonable interpretation consonant with the apparent object and intent of the parties." 145 S.E.2d at 481. Finally, this Court concluded in *McGann* in Syl. pt. 2 as follows: "A liability insurance policy, unlike a builder's risk policy, is designed to indemnify the insured against damage to other persons or property caused by his work or property and is not intended to cover damage to the insured's property or work completed by him."

The *McGann v. Hobbs Lumber Company* case was cited in *Consumers Construction Company v. American Motorists Insurance Company*, 118 Ill.App.2d 441, 254 N.E.2d 265 (1969), in which case an action was brought by a board of education against a construction company for the defective construction of a grammar school.

The construction company contended that its insurance contract with American Motorist Insurance Company covered the construction company with respect to the board of education's action. The relevant coverage and exclusion provisions of the insurance contract in *Consumers Construction Company* were the same as the above quoted coverage and exclusion provisions in the *McGann* insurance contract. In *Consumers Construction Company*, the Illinois Appellate Court concluded that inasmuch as the Board of Education claimed that the work of the construction company was defective, and did not further assert that such defective work caused damage or injury to other property or persons, the insurance contract did not cover the construction company with respect to the board of education's action.

Coverage and exclusion provisions similar to the coverage and exclusion provisions found in the insurance contract in *McGann* were also litigated in *Home Indemnity Company v. Miller*, 399 F.2d 78 (8th Cir. 1968), and *Kendall Plumbing, Inc. v. St. Paul Mercury Insurance Company*, 189 Kan. 528, 370 P.2d 396 (1962).

In *Indiana Insurance Company v. De-Zutti*, Ind., 408 N.E.2d 1275 (1980), James Gibson, a general contractor, was sued for damages allegedly caused by the faulty construction of a home he had built for Louis and Joanna DeZutti. Gibson was engaged in the construction and remodeling of residential structures, and the home in question was sold to the DeZutti family in 1968. The action of the DeZuttis against Gibson was based upon a breach of warranty of fitness.

In *Indiana Insurance Company*, Gibson, pursuant to a comprehensive general liability policy, called upon the Indiana Insurance Company to defend Gibson in the DeZutti action. The insurance company refused and asserted that the DeZutti action was not covered by Gibson's insurance contract. In that case the Supreme Court of

---

1. In *McGann v. Hobbs Lumber Company, supra,* this Court stated as follows: "This liability policy clearly was designed to indemnify the insured against damage to other property or parties. It was not intended to cover his property or work completed by the insured." 150 W.Va. at 371, 145 S.E.2d at 481.

Indiana held in favor of the insurance company.

The coverage and exclusion provisions in question in the insurance contract in *Indiana Insurance Company* stated as follows:

The company will pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of ... property damage to which this insurance applies, caused by an occurrence....

Exclusions

This insurance does not apply:

(a) to liability assumed by the insured under any contract or agreement except an incidental contract; but, this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner...

(n) to property damage to the named insured's products arising out of such products or any part of such products...

(o) to property damage to work performed by or on behalf of the named insured arising out of the work or any portion thereof, or out of materials, parts or equipment furnished in connection therewith....[2]

The contractor in *Indiana Insurance Company* asserted, as do the Robinsons in the case before this Court, that the exception to exclusion (a) of the insurance contract resulted in insurance coverage with respect to the home buyer's action for breach of warranty of the home. That exception to the exclusion provides "... but this exclusion does not apply to a warranty of fitness of quality of the named insured's products or a warranty that work performed by or on behalf of the Named Insured will be done in a workmanlike manner...." Based upon such exception to exclusion (a) of the insurance contract, the contractor in *Indiana Insurance Compa-*

*ny* asserted, as do the Robinsons in this action, that the exclusions are inconsistent, and thus the insurance contract is ambiguous and should be construed in favor of the insured. The court in *Indiana Insurance Company* rejected that argument.

The court in *Indiana Insurance Company* stated that the contractor's theory of coverage ignored the basic principle that exclusion clauses do not grant or enlarge coverage. Rather, exclusion clauses are limitations or restrictions upon the insuring clause. 408 N.E.2d at 1278. Therefore, the court held that "... the exception in (a) (recognizing coverage for breach of warranty) which is *expressly* limited to exclusion (a) remains subject to and limited by other related exclusions contained in the policy." 408 N.E.2d 1278. As the court stated:

What is covered by the policy is defective workmanship which causes personal injury or property damage not excluded under some provision of the policy. So if the insured's breach of an implied warranty results in damage to property other than the insured's work or product which is excluded by exceptions (n) and (o), the policy would provide coverage. To hold otherwise would effectively convert the policy into a performance bond or guarantee of contractual performance and result in coverage for repair and replacement of the insured's own faulty workmanship. This was not the intent and understanding of the parties at the time the policy was purchased.

408 N.E.2d at 1279.

Finally, the court in *Indiana Insurance Company* ruled upon the issue of whether the exclusion clauses of the insurance contract applied to the entire home constructed by the contractor or only to that particular item of construction (the improper construction of footings) out of which the damages to the home arose. The court held that exclusion clause (o) denied coverage for damages to the contractor's entire prod-

---

**2.** The Court in *Indiana Insurance Company* did not make reference to an exclusion "*l*" in the insurance policy involved in that case. In the action before this Court, exclusion *l* of the insurance contract states as follows: "This insurance

does not apply: (*l*) To property damage to premises alienated by the Named Insured arising out of such premises or any part thereof...."

uct or work (the home), such damages resulting from that product or work "or from any part thereof." 408 N.E.2d at 1280. As the court stated:

> Accordingly, we hold that exclusion (*o*) excludes coverage for damage to the insured's work, or work done on his behalf, resulting from the work itself or any part of the work; that Gibson's work (or product) was the entire house and the damages to the house caused by the improper construction of the footings done on Gibson's behalf are not covered under Gibson's policy.

408 N.E.2d at 1281.

Upon all of the above, this Court is of the opinion that the *Indiana Insurance Company* case is persuasive in the action before this Court. The insurance contract provisions involved in that case are for all practical purposes identical to the coverage and exclusion provisions at issue in the case before this Court. We therefore hold that, although an exclusion in a comprehensive general automobile and property liability insurance contract contained an exception for "warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner," that exception to the contract's exclusion provision did not extend insurance coverage to a contractor for the defective construction of a home where the insurance contract contained other exclusions precluding insurance coverage and the insurance contract in question was a liability insurance policy and not a builder's risk policy. *McGann v. Hobbs Lumber Company,* 150 W.Va. 364, 145 S.E.2d 476 (1965).

Accordingly, the final order of the Circuit Court of Monongalia County, West Virginia, entered October 30, 1978, is hereby reversed and judgment is entered for the appellant, U.S.F.&G.

Reversed.

HARSHBARGER, Justice, dissenting:

My only disagreement is with the conclusion by the majority that the exception to the exclusion did not create insurance against the very risk to which the Robinsons were exposed. The policy included a provision *excluding* "... liability assumed by the Insured under any contract or agreement except an incidental contract; but, *this exclusion does not apply to a warranty of fitness or quality of the Named Insured's products or a warranty that work performed by or on behalf of the Named Insured will be done in a workmanlike manner....*" (Emphasis added.)

The facts were that the Robinsons were charged with unworkmanlike construction of a house they sold to the Helfeldts, exactly what was meant to be covered by the exception from the exclusion.

I am authorized to state that McGRAW, J., joins me in this dissenting opinion.