**COMMERCIAL UNION INSURANCE COMPANY, Plaintiff,**

v.

**JOHN MASSMAN CONTRACTING COMPANY, Defendant.**

Civ. A. No. 87–2364–O.

United States District Court,
D. Kansas.

May 31, 1989.

**1404**

Paul Hasty, Jr., Wallace, Saunders, Austin Brown and Enochs, Chartered, Overland Park, Kan., for plaintiff.

Patrick L. Dunn, Hartigan & Yanda, P.C., Kansas City, Mo., for defendant.

## MEMORANDUM AND ORDER

EARL E. O'CONNOR, Chief Judge.

This matter is before the court on cross motions for summary judgment. Plaintiff sues for payment of certain premiums allegedly due under three insurance policies it issued to defendant. Defendant counterclaims under a fourth policy for monies allegedly expended by it in defense and settlement of two earlier lawsuits. The underlying litigation grew out of an alleged breach of a subcontract between defendant and W.A. Ellis Construction Company ("Ellis"). Defendant claims that plaintiff was obligated to provide a defense and indemnify it against the claims made by Ellis.

In a motion for summary judgment, the movant need not negate the allegations of the nonmoving party. However, it must demonstrate that there is no genuine issue of material fact and is therefore entitled to judgment as a matter of law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52, 106 S.Ct. 2505, 2511–12, 91 L.Ed.2d 202 (1986). This initial burden entails "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrates the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (quoting Fed.R.Civ.P. 56(c)).

When faced with a motion for summary judgment, the nonmoving party may not simply rely upon its pleadings but rather must set forth specific facts showing that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510. Indeed, "the plain language of Rule 56(c) mandates the entry of summary judgment ... against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322, 106 S.Ct. at 2552. The test is whether the facts, viewed in the light most favorable to the nonmoving party, are such that a court may conclude that a reasonable jury could find for the nonmoving party. *Anderson*, 477 U.S. at 248, 106 S.Ct. at 2510.

### I. Plaintiff's Claim for Unpaid Premiums

Defendant does not controvert any of the relevant facts in support of plaintiff's motion and, indeed, admits that it has not paid for the three policies at issue. Answer and Counterclaim, ¶ 2. Accordingly, summary judgment in plaintiff's favor on its claim is appropriate.

### II. Defendant's Counterclaim for Expenses

#### A. Choice of Law

█ When, as here, the court exercises diversity jurisdiction, it must apply the sub-

stantive law of the forum state. *Klaxon v. Stentor,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). In contract actions, Kansas courts follow the general rule that the place where the contract is made controls its interpretation. *See, e.g., Simms v. Metropolitan Life Ins. Co.,* 9 Kan.App.2d 640, 685 P.2d 321 (1984) and cases cited therein. Moreover, the contract is "made" where the last act necessary for its formation is performed. *Id.* The parties agree that, following this general rule, Missouri law would govern the contract at issue, because it was negotiated and signed in that state. Plaintiff, however, argues that there is an exception to the general rule, and that the exception should apply in this case. In support of this proposition, plaintiff cites *Briggs v. Latham,* 36 Kan. 255, 13 P. 393 (1887), a case involving an indorsement of a promissory note, in which the court stated that

> The general rule is, that contracts of this character are to be construed and their effect determined according to the laws of the state in which they are made, unless it appears that they are to be performed in or according to the laws of another state.

*Id.* at 259, 13 P. 393. Because the contract at issue covered work to be performed in Kansas, plaintiff argues, the above-noted exception applies, and therefore Kansas law controls the interpretation of this contract. The court does not agree.

Plaintiff confuses the relevant contracts. The contract of insurance between it and defendant is, obviously, distinct from the contract at issue in the lawsuits between defendant and Ellis. The undisputed evidence is that each party's performance under the insurance contract (to wit, defendant's payment of premiums and plaintiff's furnishing of legal counsel and/or indemnity) was to be in Missouri. Even assuming that the relevant performance is of the underlying contract, plaintiff does not cite, and the court has been unable to discover,

any Kansas case applying the exception noted in *Briggs,* absent an express choice of law provision in the contract. In view of these facts, we hold that the contract that is the subject of defendant's counterclaim is governed by Missouri law.

**B. Coverage of Plaintiff's Policy**

■ In the underlying lawsuit, Ellis sought to recover the costs of correcting defendant's alleged failure to comply with the owner's plans and specifications in performing excavation and constructing a "tremie seal." * Plaintiff argues that defendant's failure to meet the specifications contained in the subcontract with Ellis is not an event which is covered by the comprehensive general liability policy it sold defendant. In support of this proposition, plaintiff points to several of the policy's exclusions:

> This insurance does not apply:
>
> m. To loss of use of tangible property which has not been physically injured or destroyed resulting from:
>
> 1. A delay in or lack of performance by or on behalf of the named insured of any contract or agreement, or
>
> 2. The failure of the named insured's products or work performed by or on behalf of the named insured to meet the level of performance, quality, fitness or durability warranted or represented by the named insured;
>
> But this exclusion does not apply to loss of use of other tangible property resulting from the sudden and accidental physical injury to or destruction of the named insured's products or work performed by or on behalf of the named insured after such products or work have been put to use by any person or organization other than an insured;
>
> n. To property damage to the named insured's products arising out of such products or any part of such products.

---

* Defendant indicates that Ellis later amended its complaint to include allegations of fraud and delay in completion of the work. Because defendant does not contend that plaintiff was obligated to defend and indemnify it against these later claims, the court assumes that defendant's counterclaim is limited to plaintiff's liability with respect to the original, failure-to-meet-specifications claim.

Moreover, the "Broad Form Liability Endorsement" to the policy states that the policy's exclusions extend,

    (1) to property owned or occupied by or rented to the insured, or, except with respect to the use of elevators, to property held by the insured for sale or entrusted to the insured for storage or safe keeping;

    (2) except with respect to liability· under a written sidetrack agreement or the use of elevators

    (a) to property while on premises owned by or rented to the insured for the purpose of having operations performed on such property by or on behalf of the insured,

    (b) to tools or equipment while being used by the insured in performing his operations,

    (c) to property in the custody of the insured which is to be installed, erected or used in construction by the insured,

    (d) to that particular part of any property, not on premises owned by or rented to the insured,

      (i) upon which operations are being performed by or on behalf of the insured at the time of the property damage arising out of such operations, or

      (ii) out of which any property damage arises, or

      (iii) the restoration, repair or replacement of which has been made or is necessary by reason of faulty workmanship thereon by or on behalf of the insured;

    (3) with respect to the completed operations hazard and with respect to any classification stated in the policy or in the company's manual as 'including completed operations', to property damage to work performed by the named insured arising out ·of such work or any portion thereof,, or out of such materials, parts or equipment furnished in connection therewith.

Memorandum in Support of Plaintiff's Motion for Summary Judgment, Exhibit A. In contrast, defendant relies upon the following language:

    This insurance does not apply:

    (a) to liability assumed by the insured under any contract or agreement except an incidental contract; but this exclusion does not apply to a warranty of fitness or quality of the named insured's products or a warranty that work performed by or on behalf of the named insured will be done in a workmanlike manner.

*Id.*

Defendant cites *McRaven v. F–Stop Photo Labs, Inc.,* 660 S.W.2d 459 (Mo.App. 1983) for the proposition that the exception contained in exclusion (a) provides coverage in this situation. This court does not agree. As a Missouri federal court has stated,

The *McRaven* court determined that two exclusionary provisions did not preclude coverage and the exception regarding warranties, similar to the one here, allowed coverage of a claim that the insured violated a warranty that services would be performed in a workmanlike manner. The Court however, finds that this exclusionary provision does not create coverage where, as here, the policy contains other exclusions clearly precluding coverage. *See Helfeldt v. Robinson,* 290 S.E.2d 896, 901 (W.D.Va.1981) (construing West Virginia law). More importantly, *McRaven* contradicts an earlier, well-reasoned appellate court opinion finding that an insurance policy's exclusionary provision does not "endow coverage" but only limits the insurer's obligation. *Teter, supra,* 575 S.W.2d [780] at 784. The Court is not persuaded, moreover, that the exception to exclusion (a) may reasonably be applied to other exclusionary provisions since by its terms the exception is limited to exclusion (a). *See Biebel Bros., supra,* 522 F.2d [1207] at 1212. Therefore, exclusion (a) does not provide coverage for the liability at issue here.

*Taylor–Morely–Simon, Inc. v. Michigan Mut. Ins. Co.,* 645 F.Supp. 596 (E.D.Mo. 1986), *aff'd,* 822 F.2d 1093 (8th Cir.1987). Significantly, numerous other states have also declined to hold that an exception to an exclusion may be used to endow coverage.

*See, e.g., Stillwater Condominium v. American Home Assurance,* 508 F.Supp. 1075, 1079 (D.Mont.1981) (applying Montana law), *aff'd,* 688 F.2d 848 (9th Cir.1982), *cert. denied,* 460 U.S. 1038, 103 S.Ct. 1429, 75 L.Ed.2d 789 (1983); *U.S. Fire Ins. Co. v. Colver,* 600 P.2d 1, 4 (Alaska 1979); *Weedo v. Stone-E-Brick, Inc.,* 81 N.J. 233, 405 A.2d 788 (1979); *Vernon Williams & Sons Const., Inc. v. Continental Ins. Co.,* 591 S.W.2d 760 (Tenn.1979).

At the very least, defendant argues, the court should find the policy ambiguous and therefore strictly construe it against plaintiff. The weight of authority is again contrary to defendant's position in that such exclusions generally have been held not to render the policy ambiguous. *Stillwater, Colver, Weedo, supra; LaMarche v. Shelby Mut. Ins. Co.,* 390 So.2d 325 (Fla.1980). Accordingly, we reject defendant's argument.

Finally, defendant contends that plaintiff is estopped from denying coverage under the above-quoted exclusions, on the basis that, having denied coverage under exclusion *(o),* it may not now rely upon the Broad Form Liability Endorsement exclusions. This argument is without merit for two reasons. First, even if we assume that plaintiff denied coverage upon a different basis from that now asserted, defendant has failed to show that it has detrimentally relied upon plaintiff's earlier representations. Such reliance is required under Missouri law. *Lawrence v. New York Life Ins. Co.,* 649 S.W.2d 461 (Mo.App.1983). Moreover, an insured may not use the doctrines of waiver or estoppel to create coverage that does not otherwise exist. *Id.* In view of these facts, summary judgment in plaintiff's favor is appropriate on defendant's counterclaim for coverage.

### C. Duty to Defend

Defendant claims that, even absent policy coverage, plaintiff had a duty to tender a defense on defendant's behalf in the underlying lawsuits. As the court stated in *Missouri Terrazzo Co. v. Iowa Nat. Ins. Co.,* 740 F.2d 647 (8th Cir.1984):

Under Missouri law, an insurer's duty to defend is broader than the duty to indemnify. The standard for determining whether an insurer owes a duty to defend is based on a comparison of the language of the policy with the allegations of the plaintiff's complaint, and where those allegations state a claim which is *potentially* or *arguably* within the policy's coverage, then the insurer must defend the suit.

*Id.* at 652 (citations omitted) (emphasis in original). In the case at bar, Ellis alleged that defendant's work failed to comply with the owner's plans and specifications and that, consequently, Ellis had expended substantial sums to correct the allegedly defective work. We find that these allegations fall completely outside the scope of coverage afforded by plaintiff's policy, inasmuch as they are clearly within exclusions (m), (n), and the Broad Form Liability Endorsement, quoted above. This being the case, plaintiff was under no duty to defend Massman in the underlying litigation.

IT IS THEREFORE ORDERED that plaintiff's motion for summary judgment is granted in all respects. The clerk is directed to enter judgment in plaintiff's favor in the amount of $85,478.00. The clerk is further directed to enter judgment in plaintiff's favor on defendant's counterclaim.

IT IS FURTHER ORDERED that defendant's motion for summary judgment is denied.