495 S.E.2d 566

Martha MULLEDY, Appellant,

v.

WEST VIRGINIA INSURANCE COMPANY, A Corporation, Appellee.

No. 23966.

Supreme Court of Appeals of West Virginia.

Submitted Oct. 14, 1997.

Decided Nov. 21, 1997.

Jacques R. Williams, Hamstead, Hamstead & Williams, Morgantown, for the Appellant.

David A. Sims, Debra Tedeschi Hall, Sims & Hall, Elkins, for the Appellee.

PER CURIAM:[1]

This is an appeal by Martha A. Mulledy from a summary judgment order of the Circuit Court of Hampshire County declaring that the appellant's right to recover under a fire insurance policy issued by West Virginia Insurance Company was limited to $2,750.00. The court also dismissed a bad faith settlement claim brought by the appellant against the West Virginia Insurance Company. In the present proceeding the appellant claims that the trial court improperly construed a provision contained in the relevant insurance policy. After reviewing the questions presented and the documents filed in this case, this Court disagrees with the appellant's assertions and affirms the judgment of the Circuit Court of Hampshire County.

The appellee in this proceeding, West Virginia Insurance Company, issued an insurance policy to the appellant, Martha A. Mulledy, insuring the appellant's residence located on Jersey Mountain Road near Romney, West Virginia. The policy covered not only the residence, but Ms. Mulledy's personal effects. The policy placed a personal property coverage limit (a Coverage C limit) of $27,500.00 on personal property covered by the policy. The policy also contained the following provision around which the dispute in the present case centers:

We cover personal property owned by or in the care of an insured. Coverage for personal property usually on residential premises of an insured other than the insured premises is limited to 10 percent of the Coverage C limit.

In 1992, the appellant entered a nursing home in Slanesville, West Virginia, and after she entered the nursing home, her daughter, Diana Iser, removed certain of the appellant's personal effects to her own home for safe keeping. On November 23, 1994, a fire destroyed Ms. Iser's home, and, in the course of the fire, the personal property which Ms. Iser had removed from the appellant's home was destroyed.

Subsequent to the fire, a claim was filed with the West Virginia Insurance Company for $31,025.21 for the appellant's property which was destroyed in the Iser fire. Because of the provision limiting coverage of personal property located off the insured real premises to ten percent of the coverage limits, the West Virginia Insurance Company offered to pay the appellant only $2,750.00 for the property destroyed in the Iser fire.

After the West Virginia Insurance Company refused to pay more than $2,750.00 for the personal property which was destroyed, the appellant brought the present action in the Circuit Court of Hampshire County. In her complaint, she claimed that she was entitled to recover up to the maximum policy limits of $27,500.00, and she also sought damages and costs because of West Virginia Insurance Company's refusal to settle the claim in what she considered to be a fair manner.

After discovery both parties moved for summary judgment, and by order entered on May 29, 1996, the court granted the motion of West Virginia Insurance Company. In granting that motion the court stated:

The language relied upon by the Defendant, West Virginia Insurance Company, is not ambiguous, and provides that all property loss occurring away from the insured premises is limited to 10% of the Coverage C limit. Thus, the clear meaning of the limitation on Coverage C limits the amount of coverage available to the Plaintiff to $2,750.00.

The court also found that the appellant had not substantially prevailed on her complaint, and, as a consequence, her bad faith settlement claim was without merit.

In the present proceeding the appellant claims that the trial court wrongly interpreted the coverage limit provision in issue in

---

1. We point out that a per curiam opinion is not legal precedent. *See Lieving v. Hadley*, 188 W.Va. 197, 201 n. 4, 423 S.E.2d 600, 604 n. 4 (1992) ("Per curiam opinions ... are used to decide only the specific case before the Court; everything in a per curiam opinion beyond the syllabus point is merely obiter dicta.... Other courts, such as many of the United States Circuit Courts of Appeals, have gone to non-published (not-to-be-cited) opinions to deal with similar cases. We do not have such a specific practice, but instead use published per curiam opinions. However, if rules of law or accepted ways of doing things are to be changed, then this Court will do so in a signed opinion, not a per curiam opinion.").

this case and erred in awarding West Virginia Insurance Company summary judgment.

█ In Syllabus Point 1 of *Painter v. Peavy*, 192 W.Va. 189, 451 S.E.2d 755 (1994), this Court stated:

A circuit court's entry of summary judgment is reviewed *de novo*.

The Court has also indicated that:

A motion for summary judgment should be granted only when it is clear that there is no genuine issue of fact to be tried and inquiry concerning the facts is not desirable to clarify the application of the law.

Syllabus Point 3, *Aetna Casualty & Surety Company v. Federal Insurance Company of New York*, 148 W.Va. 160, 133 S.E.2d 770 (1963).

█ The real question which confronts this Court in the present case is whether the circuit court properly construed the language of the policy issued by the West Virginia Insurance Company to limit the appellant's personal property coverage for the property located in her daughter's home to $2,750.00.

As previously indicated, the specific policy language stated:

Coverage for personal property usually on residential premises of an insured other than the insured premises is limited to 10 percent of the Coverage C limit.

The appellant has taken the position that this language limits the Coverage C limit to $2,750.00 only for property owned by her, and located on residential premises, other than the insured premises, owned by her. She essentially takes the position that her daughter's property was not owned by her, and, thus, the limitation does not apply.

This Court has stated in Syllabus Point 2 of *D'Annunzio v. Security–Connecticut Life Insurance Company*, 186 W.Va. 39, 410 S.E.2d 275 (1991), that:

An insurance policy should never be interpreted so as to create an absurd result, but instead should receive a reasonable interpretation, consistent with the intent of the parties.

See also, *McGann v. Hobbs Lumber Company*, 150 W.Va. 364, 145 S.E.2d 476 (1965).

It is apparent that in the present case the West Virginia Insurance Company intended to place a Coverage C limit on recoveries on property by the insured when such property was located on premises other than the insured premises. Although the language of the policy makes reference to "residential premises of an insured other than the insured premises," there is nothing to indicate that the appellant had any residential premises other than the insured premises at the time the policy was entered into, and the Court believes that a construction of the policy language which would restrict the application of the limitation solely to residential premises of the insured, other than the insured premises, would produce an absurd result. The appellant essentially could, under such a strained construction, place her property anywhere other than on premises owned by her, and the property would be covered up to $27,500.00, the limits of Coverage C. She, in effect, could place it outside on the street and have it stolen or destroyed by the elements and still be able to recover the full Coverage C amount. It is absurd to believe that the insurance company intended to insure property for $27,500.00 if it was on the street and exposed to the elements, but for only $2,750.00 if it was in residential premises, other than the insured premises, owned by the insured.

After a *de novo* review of this case, this Court cannot conclude that the trial court committed reversible error in interpreting the policy in the manner provided in the circuit court's May 29, 1996 order, or that further inquiry into the facts is desirable to clarify the application of the law.

In view of the foregoing, the judgment of the Circuit Court of Hampshire County is affirmed.

Affirmed.