**CALIFORNIA INT'L CHEMICAL CO., et al., Plaintiffs,**

**v.**

**NEPTUNE POOL SERVICE, INC., et al., Defendants.**

**No. 90–92–CIV–FtM–17(D).**

United States District Court, M.D. Florida, Fort Myers Division.

July 2, 1991.

Terrence F. Lenick, Allen, Knudsen, De-Boest, Edwards & Roberts, P.A., Ft. Myers, Fla., William VanDercreek, Dallas, Tex., for plaintiffs.

Clark Richard Jennings, State of Florida Dept. of Legal Affairs, Tallahassee, Fla., for John R. Crockett.

## ORDER ON MOTIONS

KOVACHEVICH, District Judge.

This cause is before the Court on Motions to Dismiss by all defendants, a Motion for More Definite Statement and Entry of RICO Order filed by Defendant John R. Crockett, Plaintiffs' Motion to Strike, and Plaintiffs' Suggestion for Oral Argument, as further described hereinafter.

### THE PARTIES

Plaintiff California International Chemical Company (Cal. Chemical) is a California corporation that developed and licenses oth-ers to provide disinfection services for residential pools through a method of direct chlorine gas injection. Six other Plaintiffs are Florida corporations licensed by Cal. Chemical to provide this service, including Sun Tech Chemicals, Inc. (Sun Tech), Sun Coast Pool Chemical Company (Sun Coast), Flor–Cal Chemical Company (Flor–Cal), Coastal Chemical Company (Coastal), Tri–County Chemical Company (Tri–County), and Florida Pool Chemical, Inc. (Florida Pool).

Defendants are four Florida corporations and their corporate presidents, Job–Site Industries, Inc. (Job–Site), Neptune Pool Service, Inc. (Neptune), Tri–City Pool Service and Supply Company (Tri–City), and Vortex Pool Services, Inc. (Vortex). John R. Crockett (Crockett) is president of Job–Site, a member of the National Spa and Pool Institute (NSPI), and chairman of the Florida State Construction Industry Licensing Board (CILB). Grace Tina Purdy is president of Neptune and president of NSPI, Gulf Coast Chapter. John Garvin is president of Tri–City and past chairman of NSPI, Florida Region VII Government Relations Program. Peter B. MacDonald is president of Vortex and past president of NSPI, Broward County Chapter.

### GENERAL FACTUAL ALLEGATIONS

The relevant times of the complaint are from September 1981 through October 1989, and to the present. Plaintiffs generally allege that Defendants proceeded on a course of conduct intended to impede or prevent the continuation of Plaintiffs' businesses in a manner that is actionable. They allege that Defendants conspired with each other and others unknown in this course of conduct, and that they aided and abetted each other in this course of conduct. Additionally, Plaintiffs allege that the acts of Defendant presidents are acts of their respective corporations and visa versa.

Plaintiffs allege that Defendants intentionally misrepresented that Plaintiffs' technique was illegal, dangerous to individuals, and harmful to equipment. These misrepresentations were made in various press releases, to Plaintiffs' potential and

existing customers, and to legislative, administrative and judicial branches of government to induce them to pursue action against Plaintiffs or to the detriment of Plaintiffs. The governmental actions related to construction licensing requirements for Plaintiffs' businesses, including purported noncompliance with existing law and modification of existing law to impose additional licensing requirements on Plaintiffs. Defendants used the United States mail to further their alleged scheme to impede or prevent Plaintiffs' business operations.

## CLAIMS FOR RELIEF

The complaint in this action was filed on April 3, 1990. The complaint alleges that Plaintiffs were injured by acts of the Defendants that constituted: 1) violations of 18 U.S.C. § 1962(c) and § 1962(d), the RICO Act, 2) violations of 15 U.S.C. § 1, the Sherman Antitrust Act, and 3) tortious interference with business relationships and related conspiracy.

## MOTION FOR MORE DEFINITE STATEMENT

■ Defendant Crockett's Motion For More Definite Statement and Entry of RICO Order was filed on August 13, 1990, and Plaintiffs' Response To Defendants' Motion For More Definite Statement was filed on August 28, 1990.

As Plaintiffs state in their response to this motion, Defendant Crockett filed a Motion To Dismiss this action on June 4, 1990, over two months prior to filing this Motion For More Definite Statement and Entry of RICO Order. When the first motion was filed, Defendant was required to join all defenses and objections then available to him. Rule 12(g), Fed.R.Civ.P. Having failed to so do, Rule 12(g) provides that he may not thereafter make a motion based on the defense or objection so omitted. Therefore, the Motion for More Definite Statement and Entry of RICO Order must be denied.

## STANDARD OF REVIEW FOR MOTION TO DISMISS

■ A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that plaintiffs can prove no set of facts that would entitle them to relief. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 101–02, 2 L.Ed.2d 80 (1957). A trial court, in ruling on a motion to dismiss, is required to review the complaint in the light most favorable to the plaintiffs. *Scheuer v. Rhodes,* 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## MOTION TO DISMISS BY DEFENDANT CROCKETT

This cause is also before the Court on Defendant Crockett's Motion To Dismiss and Memorandum of Law in Support of Motion to Dismiss, both filed on June 4, 1990, and his Notice of Supplemental Authority, filed on August 9, 1990, together with Plaintiffs' Reply to Motions to Dismiss of Defendants, Crockett and Job–Site, filed on June 18, 1990, and Plaintiffs' Reply to Defendant Crockett's Notice of Supplemental Authority, filed on August 23, 1990.

Defendant Crockett seeks dismissal of all counts. The motion to dismiss asserts that the Plaintiffs failed to state a claim upon which relief may be granted. Rule 12(b)(6), Fed.R.Civ.P. The memorandum of law in support of this motion elaborates as follows:

Count 1 should be dismissed based on the affirmative defense of sovereign immunity, failure to plead the requisite elements of a RICO violation, and failure to plead the mail fraud predicate acts with sufficient particularity.

Count 2 should be dismissed based on the conclusory nature of the conspiracy allegations, because sincere lobbying for government action is not subject to antitrust sanctions, and because the Court lacks subject matter jurisdiction per the State Action Immunity Doctrine.

Count 3 should be dismissed for lack of pendant jurisdiction, assuming counts 1 and 2 are dismissed on the motion before the Court.

## COUNT 1—RACKETEERING

■ Defendant Crockett claims his alleged acts were undertaken in his official capacity as a member of CILB. If he sole-

ly acted in good faith in this capacity, then the sovereign immunity provision of the Eleventh Amendment to the U.S. Constitution would bar this action against him. However, this immunity would not apply if: 1) he was not acting with objective good faith while performing a discretionary governmental function, or 2) he was not acting within the scope of his quasi-judicial duties with CILB. *Schopler v. Bliss,* 903 F.2d 1373, 1380 (11th Cir.1990). Plaintiffs allege that Defendant Crockett, in addition to being a member of CILB, is an individual residing in Florida, is the president of Job–Site and is a member of NSPI [complaint paragraph 3(g)]. Plaintiffs further allege that the acts of Defendant Crockett are the acts of Job–Site, and visa versa. [complaint paragraph 4]. Therefore, it appears that Plaintiffs may be able to prove that Defendant Crockett was acting in bad faith or in a capacity other than as a member of CILB. Clearly, it does not appear beyond doubt that Plaintiffs can prove no set of facts entitling them to relief.

█ Defendant next claims that the requisite elements for RICO claims under 18 U.S.C. § 1962(c) and (d) have not been alleged. Section 1962(c) prohibits Defendant from conducting the affairs of an enterprise through a pattern of racketeering activity. Section 1962(d) prohibits Defendant from conspiring with other persons to violate § 1962(c). Plaintiffs must allege: 1) a violation of 18 U.S.C. § 1962, 2) injury to business or property, and 3) that the violation caused the injury. *O'Malley v. O'Neill,* 887 F.2d 1557, 1561 (11th Cir. 1989).

The complaint sufficiently alleges that Defendant Crockett conducted the affairs of an enterprise through a pattern of racketeering activity, and also conspired to so do. Multiple enterprises are alleged in Plaintiffs' complaint, including NSPI. [complaint paragraph 6]. Plaintiffs allege that Defendants conspired with each other and aided and abetted each other in their course of conduct. [complaint paragraph 19]. This course of conduct included, in part, one alleged act of mail fraud on June 18, 1986, and a second alleged act of mail

fraud on September 10th, 1989. [complaint paragraphs 20 & 21].

Each act of mail fraud, each act of aiding and abetting mail fraud, and each act of conspiring to commit mail fraud constitutes a racketeering activity. 18 U.S.C. § 1961(1)(B). The acts together constitute a pattern of racketeering activity, as the 18 U.S.C. § 1961(5) statutory definition has been interpreted in *H.J. Inc. v. Northwestern Bell Telephone Co.,* 492 U.S. 229, 109 S.Ct. 2893, 2900–01, 106 L.Ed.2d 195 (1989). In essence, Crockett allegedly violated 18 U.S.C. § 1962(c) by conducting the affairs of NSPI and other enterprises through conspiring in and aiding and abetting in the two mail frauds, and he allegedly violated 18 U.S.C. § 1962(d) by conspiring to conduct the affairs of the enterprises in this manner. This said, it does not appear beyond doubt that Plaintiffs can prove no set of facts entitling them to relief for damages proximately caused by violations of the RICO Act by Defendant Crockett.

Defendant Crockett's final attack on count 1 is that Plaintiffs failed to plead the mail fraud predicate acts with sufficient particularity. Rule 9(b), Fed.R.Civ.P. While Defendant's Memorandum of Law addresses this requirement, the Court notes that Defendant's Motion to Dismiss does not properly raise the issue as a basis for dismissal. Even if it were properly raised, the Court is satisfied that the mail frauds are alleged with sufficient particularity to survive a motion to dismiss, considering the allegations of the complaint and the exhibits attached thereto. The motion to dismiss count 1 will be denied.

## COUNT 2—ANTITRUST

█ Defendant Crockett first argues that Plaintiffs' allegations of conspiracy under the antitrust count fail to state a claim because they are conclusory in nature. A complaint is sufficient if it puts the defendants on reasonable notice of the nature of the claim being asserted against them by allegation of ultimate facts. The Court is satisfied by review of the complaint and its specific allegations highlighted in Plaintiffs' Reply to the instant motion

that the complaint satisfies this pleading requirement.

■ Defendant Crockett next asserts that count 2 fails to state a claim because he is immune from antitrust action under the Noerr–Pennington Doctrine. The Supreme Court has recently clarified that, under this doctrine, the antitrust laws do not regulate the conduct of private individuals in seeking anticompetitive action from the government, regardless of intent or purpose. *Columbia v. Omni Outdoor Advertising, Inc.,* — U.S. ——, 111 S.Ct. 1344, 1354, 113 L.Ed.2d 382 (1991). But the antitrust laws do apply under the "sham exception" to this doctrine if the Defendant sought to achieve the anticompetitive purpose *only* by the lobbying process itself, rather than by the final governmental action sought. *Id.* Plaintiffs' allegations of the earlier lobbying efforts may not raise the reasonable inference that they were undertaken to achieve the anticompetitive purpose *solely* by the lobbying process. But these allegations do contribute to the reasonable inference that the later lobbying efforts were conducted *only* for this purpose. The Court is satisfied that sufficient ultimate facts have been pled in the complaint to raise the reasonable inference that the "sham exception" applies to Defendant Crockett's acts.

■ The Court notes that Defendant Crockett's Memorandum of Law questions the Court's subject matter jurisdiction over count 2, although this issue is not properly before the Court on Defendant's Motion to Dismiss. The Court now raises this issue sua sponte. It is well settled law under the State Action Immunity Doctrine, derived from *Parker v. Brown,* 317 U.S. 341, 63 S.Ct. 307, 87 L.Ed. 315 (1943), that Defendant Crockett's actions would not be subject to the Sherman Act if they were solely undertaken in good faith within the scope of his duties for CILB. See Generally *Columbia v. Omni Outdoor Advertising, Inc.,* — U.S. ——, 111 S.Ct. 1344, 113 L.Ed.2d 382 (1991). However, the scope of Defendant Crockett's duties with CILB is not established in the complaint, so it can not be determined whether his alleged acts were within or beyond his official scope of duties. Viewing the complaint in the light most favorable to Plaintiffs, the complaint raises the reasonable inference that Defendant Crockett's acts were beyond his official scope of duties with CILB. Therefore, Defendant Crockett's claim of immunity under the State Action Immunity Doctrine is not well taken. The motion to dismiss count 2 will be denied.

## COUNT 3—TORTIOUS INTERFERENCE WITH BUSINESS

As the Court will be denying the motion to dismiss counts 1 and 2 of the complaint, Defendant's argument to dismiss count 3 for lack of pendant jurisdiction is moot.

## MOTION TO DISMISS BY JOB–SITE

This cause is further before the Court on Motion to Dismiss of Job–Site, Together with Memorandum in Support Thereof, filed on June 1, 1990, and Plaintiffs' Reply to Motions to Dismiss of Defendants, Crockett and Job–Site, filed on June 18, 1990. Defendant Job–Site's motion to dismiss incorporates by reference Defendant Crockett's Motion To Dismiss and Memorandum of Law in Support of Motion to Dismiss, both filed on June 4, 1990.

The motion to dismiss asserts that Defendant Job–Site is entitled to dismissal with prejudice because the Court lacks subject matter jurisdiction and the Plaintiffs failed to state a claim upon which relief may be granted. Rules 12(b)(1) and 12(b)(6), Fed.R.Civ.P. The memorandum of law in support of this motion argues that all counts should be dismissed because Plaintiffs do not allege any actionable misconduct by Defendant Job–Site, either directly or through Defendant Crockett as an agent of Defendant Job–Site.

## DIRECT ACTS OF JOB–SITE

According to Job–Site, the sole basis for including it as a Defendant are the acts of Defendant Crockett. However, this is an inaccurate characterization of the allegations contained in the complaint. First, the complaint alleges many acts by "Defendants" in general terms, followed by specific factual allegations. Any reference to

"Defendants" in the complaint are interpreted by the Court to include all named Defendants.

■ Second, Plaintiffs have alleged that each Defendant aided and abetted other Defendants in their course of conduct. [complaint paragraph 19]. As to Job–Site, this is read to mean that it aided and abetted all other Defendants in all activities charged against any of the Defendants except Crockett. Job–Site could not have aided and abetted Crockett in his activities, because Plaintiffs have alleged that the acts of Crockett are the acts of Job–Site. [complaint paragraph 4]. One can not aid and abet oneself in the performance of an act.

■ Third, Plaintiffs have alleged that each Defendant conspired with other Defendants in their course of conduct. [complaint paragraph 19]. As to Job–Site, this is also read to mean that it conspired in all activities charged against any of the Defendants except Crockett. As before, Job–Site could not have conspired with Crockett because Plaintiffs have alleged that the acts of Crockett are the acts of Job–Site. [complaint paragraph 4]. One can not conspire with oneself in the performance of an act.

As to these allegations of activities performed directly by Job–Site, reviewing the complaint in the light most favorable to the Plaintiffs, it does not appear beyond doubt that Plaintiffs can prove no set of facts that would entitle them to relief.

The Court assumes that the Plaintiffs' have a good faith basis for the blanket allegations against all Defendants, including the aiding and abetting and conspiracy charges. If new information comes to Plaintiffs' attention during discovery that defeats this good faith basis, the Court then assumes that Plaintiffs' will amend their complaint accordingly. Any failure of Plaintiffs' to conform to this standard will be addressed by the Court independent of the Motion to Dismiss presently under consideration.

## ACTS OF CROCKETT ATTRIBUTABLE TO JOB–SITE

Job–Site's Motion to Dismiss for failure to state a claim incorporates by reference Defendant Crockett's Motion to Dismiss and arguments pertaining thereto, since Plaintiffs alleged that the acts of Crockett are the acts of Job–Site. If this was the sole basis for claiming relief from Job–Site, then it follows that the complaint against Job–Site must be dismissed if the complaint against Crockett is to be dismissed. This premise is incorrect, as previously discussed, so it does not support dismissal as to Defendant Job–Site for failure to state a claim. Even if it were accurate, dismissal would not be appropriate because the Court is not dismissing the counts against Defendant Crockett. The Motion to Dismiss the complaint for failure to state a claim will be denied.

## SUBJECT MATTER JURISDICTION

Job–Site also seeks dismissal for lack of subject matter jurisdiction pursuant to Rule 12(b)(1), Fed.R.Civ.P. This issue was previously addressed in consideration of Defendant Crockett's Motion to Dismiss. The Court adopts the arguments and conclusions stated therein, so the motion will be denied.

## MOTION TO DISMISS BY OTHER DEFENDANTS

This cause is also before the Court on a Motion to Dismiss by Defendants Neptune, Tri–City, Vortex, Purdy, Garvin, and Mac-Donald, and Defendants' Memorandum in Support of Motion to Dismiss, both filed on June 1, 1990, Defendants' Supplemental Memorandum of Law in Support of Motion to Dismiss, filed on September 14, 1990, Defendants' Notice of Supplemental Authority, filed on April 9, 1991, and Defendants' Motion for Leave to File Notice of the Supreme Court's Decision in Omni Outdoor Advertising, filed on April 24, 1991 (while Leave of Court was granted on May 1, 1991, Defendants did not thereafter file this decision for consideration by the Court); together with Plaintiffs' Reply to Motion to Dismiss of Defendants, filed on June 18, 1990, Plaintiffs' Response to Defendants' Notice of Supplemental Authority, filed on September 10, 1990, and Plaintiffs' Response to Defendants' Memo on

Omni Outdoor Advertising, filed on May 15, 1991.

The motion to dismiss asserts that the Court lacks subject matter jurisdiction, the Plaintiffs failed to state a claim upon which relief may be granted, and the Plaintiffs failed to plead fraud with sufficient particularity. Rules 12(b)(1), 12(b)(6), and 9(b), Fed.R.Civ.P. The Defendants' Memorandum in Support of Motion to Dismiss elaborates as follows:

The Court should abstain from taking jurisdiction over this matter based on principles of federalism and judicial restraint.

Count 1 should be dismissed for failure to state a claim under the RICO Act and for failure to plead mail fraud with sufficient particularity.

Count 2 should be dismissed for failure to state a claim under the Sherman Antitrust Act and because Defendants are exempt from the Act under the Noerr–Pennington Doctrine.

Count 3 should be dismissed for failure to state a claim for tortious interference with business relationships or related conspiracy.

## ABSTENTION

■ Defendants urge that the Court should decline to accept jurisdiction over this case because of the risk of altering the federal-state balance and intruding upon matters traditionally resolved by state governments, citing *County of Suffolk v. Long Island Lighting Company*, 710 F.Supp. 1387 (E.D.N.Y.1989), *reversed in relevant part*, 907 F.2d 1295 (2d Cir.1990). The Second Circuit held that abstention was inappropriate in that case, which involved allegations that a utility made intentional misrepresentations to the state Public Service Commission. This factual similarity suggests that abstention may be inappropriate in the present case. It is also important to recognize that Plaintiffs here allege numerous acts of mail fraud, which are federal violations, as the predicate acts for their RICO count. Further, Plaintiffs include both California and Florida corporations. While the domiciliary of the Plain-

tiffs and Defendants does not establish diversity jurisdiction, it does establish that the alleged acts would have substantially affected interstate commerce. Finally, Defendants have asserted their intent to challenge the constitutionality of the RICO Act. [Defendants' Memorandum in Support of Motion to Dismiss, 12 at n. 1]. This indicates that a grave federal question will be raised during this litigation. For these reasons, the Court will not abstain.

## COUNT 1—RACKETEERING

Defendants argument that Plaintiffs have failed to state a claim under the RICO Act and to plead mail fraud with sufficient particularity rests on the same ground as Defendant Crockett's arguments. Consistent with the Court's earlier finding, the motion to dismiss count 1 will be denied.

## COUNT 2—ANTITRUST

Defendants argument they are exempt from the Sherman Act under the Noerr–Pennington Doctrine also parallels the arguments of Defendant Crockett. The Court's adopts its earlier discussion and conclusion concerning this matter.

■ Defendants further claim that Plaintiffs have failed to state a claim under the Sherman Antitrust Act in that: 1) there is no allegation of an injury to competition in a defined market, and 2) there is no allegation that a licensing requirement for Plaintiffs' business would destroy their business or lessen competition. Plaintiffs have alleged that "Plaintiffs and Defendants are competitors in the market of providing materials and services for water treatment of residential-sized spas or swimming pools." [complaint paragraph 26]. They have then alleged that the "actions of the Defendants have caused and will continue to cause both pool customers and licensees to refuse to deal with Plaintiffs and to foreclose or impair Plaintiffs' entry or access to such markets resulting in injury to the business and property of the Plaintiffs and injury to the public." [compliant paragraph 26]. The Court finds that the allegations in the complaint do state a claim, so the motion to dismiss count 2 will be denied.

## COUNT 3—TORTIOUS INTERFERENCE WITH BUSINESS

Defendants finally argue that Plaintiffs have failed to state a claim for tortious interference of business or related conspiracy. This claim requires 1) the existence of a business relationship under which the Plaintiffs have legal rights, or a prospective business relationship, 2) an intentional and unjustified interference of that relationship by Defendants, and 3) damage to Plaintiffs as a result of Defendants' interference. *Southern Alliance Corp. v. Winter Haven*, 505 So.2d 489 (Fla.App.1987).

Plaintiffs are only required to plead a short and plain statement of the claim showing that Plaintiffs' are entitled to relief. Rule 8(a)(2), Fed.R.Civ.P. The Plaintiffs' allegations and reasonable inference that may be drawn therefrom readily satisfy this pleading requirement. Therefore, the motion to dismiss count 3 will be denied.

## PLAINTIFFS' MOTIONS

This cause is also before the Court on Plaintiffs' Suggestion for Oral Argument on Defendants' Motions to Dismiss, filed on June 18, 1990, and Plaintiffs' Motion to Strike, filed on September 10, 1990. As Plaintiffs' have prevailed on all issues before the Court, these motions are now moot.

## RICO ORDER

Review of the instant motions, supporting briefs and replies consumed considerable judicial resources at a time when such resources are critically short. The Court has an affirmative duty, as do litigants and their counsel, to conserve these judicial resources and to consider judicial economy in the course of litigation. In this case, the numerous RICO issues argued by the parties could have been more efficiently considered if a standard format familiar to the Court had been followed by the parties.

The Court finds that adherence to a standard RICO Order will enhance the Court's ability to further adjudicate this case in a more efficient manner. Therefore, the Court will of its own initiative order Plaintiffs to file, jointly or individually, a response to the RICO Order issued this date. Accordingly, it is

ORDERED that the Motion For More Definite Statement and Entry of RICO Order by Defendant Crockett, the Motions to Dismiss by all Defendants, and the Plaintiffs' Suggestion for Oral Argument be denied; and that all Defendants shall have ten (10) days to file their answers from the date that Plaintiffs file a response to the separately issued RICO Order.

DONE AND ORDERED.