(797 P.2d 168)

No. 64,440

STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY,
*Appellant,* v. WAYNE O. BAKER, *Appellee.*

Opinion filed September 7, 1990.

*Gary M. Cupples* and *Philip R. Dupont*, of Deacy & Deacy, of Kansas City, Missouri, and *William D. Mize*, of Deacy & Deacy, of Prairie Village, for appellant.

*Phil M. Cartmell, Jr.*, of Overland Park, and *Joseph W. Amick*, of Kansas City, Missouri, for appellee.

Before BRAZIL, P.J., LARSON, J., and DAVID S. KNUDSON, District Judge, assigned.

KNUDSON, J.: State Farm Mutual Automobile Insurance Company (State Farm) appeals from the district court's granting of summary judgment to Wayne O. Baker. Finding no error, we affirm.

State Farm, doing business in Missouri, issued an automobile liability insurance policy to Baker, a Missouri resident. The liability section of the policy contained an out-of-state provision that allowed Baker to drive the insured automobile upon the highways of other states in full compliance with a particular state's mandatory insurance law. The policy also included separate first-party medical payment coverage of up to $1,000 not subject to subrogation by the insurer.

In August 1983, while driving the insured automobile, Baker was involved in a two-car collision in Wyandotte County, Kansas. He received medical attention due to injury caused by the collision, for which State Farm reimbursed him $511. Baker contends the payments were made under the medical payments provision of the insuring agreement. State Farm contends that it paid Baker personal injury protection (PIP) benefits, as required under Kansas law and consistent with the out-of-state coverage clauses within the policy. At the time of the collision, Kansas required $2,000 in medical benefits as part of the personal injury protection package. K.S.A. 40-3103(k).

When Baker settled his tort claim with the driver of the other automobile, State Farm refused to endorse the settlement check over to Baker. Ultimately, State Farm filed suit seeking a declaratory judgment finding that, under the provisions of the policy and pursuant to Kansas law, it was entitled to subrogation.

Both Baker and State Farm filed motions for summary judgment. The trial court granted Baker's motion, finding Missouri law must be applied to the construction of the insurance contract and, under Missouri law and the terms of the insuring agreement, subrogation was not permitted.

Neither party disputes the propriety of this litigation being ripe for summary judgment under their respective motions. We note summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Danes v. St. David's Episcopal Church*, 242 Kan. 822, 830, 752 P.2d 653 (1988). In the case at bar, the terms of the written insurance agreement are unambiguous. Thus, this litigation is a proper subject for summary judgment and presents questions of law subject to unlimited review on appeal. *Atkins v. Hartford Cas. Ins. Co.*, 801 F.2d 346, 347 (8th Cir. 1986); *Hutchinson Nat'l Bank & Tr. Co. v. Brown*, 12 Kan. App. 2d 673, 674, 753 P.2d 1299, *rev. denied* 243 Kan. 778 (1988).

The parties each state the controlling issues somewhat differently. State Farm starts from the premise that the payments were PIP benefits. Conversely, Baker starts from the viewpoint that the payments were medical payment benefits as bargained for and provided in the insuring agreement. We believe it is within the framework of the issues presented on appeal to state the dispositive issues to be: (1) whether Kansas or Missouri law is determinative of State Farm's right to subrogation, and (2) whether State Farm is entitled to subrogation.

K.S.A. 40-3106(a) provides that a nonresident owner of a motor vehicle may not operate such vehicle on the highways of Kansas unless a motor vehicle liability policy conforming with K.S.A. 40-3107 is in effect for such vehicle. K.S.A. 40-3107(f) requires that a motor vehicle liability policy provide personal injury protection benefits to the named insured that, under K.S.A. 40-3103(k), include medical benefits up to $2,000.

Based upon the above-referenced statutes and *Mayer v. Harris*, 224 Kan. 231, Syl. ¶ 1, 579 P.2d 715 (1978), we conclude that a nonresident owner of a motor vehicle operated on the highways of this state is subject to the provisions of the Kansas Automobile Injury Reparations Act (KAIRA). K.S.A. 40-3101 *et seq.*

Baker's automobile liability policy contains separate coverages for liability, for first-party medical benefits, and for uninsured motorist coverage. Missouri does not have no-fault insurance as mandated under Kansas law. In addition to liability limits of $50,000/$100,000/$25,000, Baker's policy in SECTION I—LIABILITY—COVERAGE A provides:

"Motor Vehicle Compulsory Insurance Law or Financial Responsibility Law
"1. Out-of-State Coverage.
If an *insured* under the liability coverage is in another state or Canada and, as a non-resident, becomes subject to its motor vehicle compulsory insurance, financial responsibility or similar law;
a. the policy will be interpreted to give the coverage required by the law; and
b. the coverage so given replaces any coverage in this policy to the extent required by the law for the *insured's* operation, maintenance or use of a *car* insured under this policy.
Any coverage so extended shall be reduced to the extent other coverage applies to the accident. In no event shall a *person* collect more than once."

Baker's policy does conform to the requirements of K.S.A. 40-3107, and it provides personal injury protection benefits, which include up to $2,000 in medical benefits. As we have noted, Baker's policy also provides first-party medical payments insurance up to $1,000. The policy states:

"MEDICAL EXPENSES
"We will pay medical expenses, *for bodily injury* caused by accident, for services, furnished within one year of the date of the accident. . . .
"Persons for Whom Medical Expenses are Payable.
"We will pay medical expenses for *bodily injury* sustained by:
"1. a. the first *person* named in the declarations; . . . ."

The policy further provides:

"If There Are Other Medical Payments Coverages.
"1. Your Car.
The amount payable for medical expenses to a *person* who sustains *bodily injury* while *occupying your car* will not be reduced if there is other vehicle medical payments coverage."

Is State Farm then entitled to subrogation for the $511 paid in medical benefits? To resolve this issue we will first decide whether Kansas or Missouri law is to be applied in interpreting the underlying insuring agreement and the nature of the benefits provided.

In *Simms v. Metropolitan Life Ins. Co.*, 9 Kan. App. 2d 640, Syl. ¶¶ 1, 3, 685 P.2d 321 (1984), this court stated the general rules governing the choice of law applicable to insurance contracts: "Under Kansas law the choice of which state's law is applicable to the construction of a contract depends on where the contract is made." "For choice of law purposes, a contract is

'made' where the last act necessary to complete the contract occurs." In the more recent case of *Commercial Union Ins. v. John Massman Contracting*, 713 F. Supp. 1403, 1405 (D. Kan. 1989), the rules of construction as stated in *Sims* were reiterated. Thus, Missouri law should be applied.

State Farm contends that the general rule is inapplicable because there is a choice of law provision in the insurance policy that provides for the policy to be interpreted according to the laws of Kansas. State Farm relies upon the already quoted provisions of the policy's out-of-state coverage providing that "the policy will be interpreted to give the coverage required by the law." We do not believe this contention has merit. This phrase merely requires that State Farm and its insured agree that the policy shall provide benefits mandated under Kansas law. It does not state the policy shall be interpreted under Kansas law rather than Missouri law. Quite to the contrary, the only choice of law provision is stated in the numbered conditions of the policy as follows: "6. Terms of Policy Conformed to Statute. If any terms of this policy are in conflict with the statutes of Missouri they are amended to conform to these statutes."

For the foregoing reasons, we conclude Missouri law rather than Kansas law is applicable in construing the policy and determining the benefits afforded and paid, including those mandated under KAIRA.

We must next determine the nature of the $511 paid by State Farm. Was the money paid under the medical payments provisions of the insurance policy or was it personal injury protection benefits paid under the policy's out-of-state coverage? In framing this issue, we have assumed in the latter event State Farm would be afforded subrogation rights. K.S.A. 1989 Supp. 40-3113a(b).

Under Missouri law, rules of construction applicable to insurance policies require that the policy language be given its plain meaning, and, if the language is unambiguous, the policy must be enforced according to such language. *Briggs v. State Farm Fire & Cas. Co.*, 680 S.W.2d 444, 445 (Mo. App. 1984). Missouri courts follow a construction favorable to the insured wherever the language of a policy is susceptible of two meanings, one favorable to the insured and the other to the insurer. *Meyer Jewelry Co. v. General Insurance Co. of Amer.*, 422 S.W.2d 617,

623 (Mo. 1968). Parenthetically, Kansas rules of construction are very similar if not identical. See *Glenn v. Fleming,* 14 Kan. App. 2d 62, 69, 781 P.2d 1107 (1989), *aff'd in part, rev'd in part* 247 Kan. 296, 799 P.2d 79 (1990), *Howard v. Farmers Ins. Co.,* 5 Kan. App. 2d 499, 619 P.2d 160 (1980), *rev. denied* 229 Kan. 670 (1981). Thus, even if Kansas rules of construction were applied, this court's reading of the contract would be the same.

Turning to the insurance policy, we note that the policy explicitly provides first-party medical payments coverage to the insured wholly apart from liability coverage. We also note that the policy states the medical payment coverage applies "[i]n the United States of America." It is difficult to imagine any clearer language stating the parties' intent that the first-party medical payments coverage would apply out of state as well as within state. The insured, Baker, is entitled under the terms of the policy to the explicitly bargained for coverage and, in the event of an out-of-state accident, replacement of that explicit coverage by coverage required under the laws of the sister state. There is no provision within the policy, nor under KAIRA, that would even remotely suggest Kansas personal injury protection benefits, statutorily mandated as part and parcel of liability coverage under a no-fault scheme, require elimination of first-party medical benefits insurance explicitly bargained for and provided in the policy. We hold that, under the circumstances of this litigation, the first $1,000 in medical benefits paid to or on behalf of Baker were under the first-party medical benefits, not under Kansas personal injury protection benefits, and not subject to subrogation. The practical result is that Baker is entitled to receive up to $1,000 in benefits plainly provided under the policy and up to an additional $1,000 in personal injury protection benefits. State Farm pays what it is contracted to pay under the policy knowing it is not entitled to subrogation and then has an additional $1,000 exposure under KAIRA, which most probably is subject to subrogation.

The parties have acknowledged that under Missouri law subrogation of medical payments under a Missouri automobile liability insurance policy is void as against public policy. See *Jones v. Aetna Casualty & Surety Company,* 497 S.W.2d 809, 813 (Mo. App. 1973); *Travelers Indemnity Company v. Chumbley,* 394

S.W.2d 418, 424-25 (Mo. App. 1965). State Farm's policy specifically excludes subrogation for first-party medical payments.

For all of the foregoing reasons, the decision of the trial court granting summary judgment to Baker is affirmed.