Arnold R. CLARK, Plaintiff,

v.

ASSOCIATES COMMERCIAL CORP., A Delaware Corporation, Defendant and Third–Party Plaintiff,

v.

Bob HOWARD d/b/a H & J Rec Auto, Inc.; Clark Investigation & Recovery, Inc.; Randall Wayne Lett; and such other unknown third parties as were liable for any occurrence in Knoxville, Tennessee, Third–Party Defendants.

Civ. A. No. 92–1325–MLB.

United States District Court, D. Kansas.

June 7, 1993.

W. Thomas Gilman, Martin R. Ufford, Redmond, Redmond & Nazar, Wichita, KS, for Arnold R. Clark.

Eric D. Bruce, Bruce & Davis, Wichita, KS, for Associates Commercial Corp.

Bryce A. Abbott, Wallace, Saunders, Austin, Brown & Enochs, Wichita, KS, for Clark Investigation & Recovery, Inc., Randall Wayne Lett and unknown third parties, as were liable for any occurrence in Knoxville, TN.

## MEMORANDUM AND ORDER

BELOT, District Judge.

This matter is before the court on the motion of third-party defendants for dismissal (Doc. 30), and amended motion for a more definite statement (Doc. 50); the motions of plaintiff to strike the third-party complaint or for severance or separate trial (Doc. 17), and for a determination of applicable substantive law (Doc. 97); and the motions of defendant for a protective order (Doc. 36), and for judgment on the pleadings with respect to plaintiff's claim for punitive damages (Doc. 34). The essential facts have previously been reported, 820 F.Supp. 562 (D.Kan. 1993), and additional facts will be set forth as relevant to the various motions.

### I. Objections to Third–Party Complaint

Defendant Associates Commercial Corp ("Associates") alleges in its third-party complaint that it hired Bob Howard, who—without the knowledge of Associates—subcontracted with Clark Investigation & Recovery ("Clark") to repossess plaintiff's tractor-trailer unit. Associates further alleges that Randall Lett and an unknown second person were employees of Clark, and that these employees conducted the actual repossession of the collateral. Plaintiff alleges that the repossession was effected through a breach of peace, and that Clark and its employees were agents of Associates. Associates brings an indemnity claim against third-party defendants Howard, Clark, and Lett for any amount that Associates may be found liable to plaintiff. *See generally* Docs. 19 & 21.

### A. Personal Jurisdiction

█ Third-party defendants Clark and Lett move for dismissal on the ground that the court lacks personal jurisdiction over them. "The cases unanimously hold that a federal court must obtain personal jurisdiction over a third-party defendant before it proceeds to adjudicate a third-party claim." 6 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1445, at 344 (2d ed. 1990). *See National Gypsum Co. v. Dalemark Indus., Inc.*, 779 F.Supp. 147, 148 (D.Kan.1991).

Associates raises only a procedural objection to third-party defendants' assertion of their personal jurisdiction defense. Associates notes that on September 15, 1992, third-party defendants filed a motion for a more definite statement pursuant to Fed.R.Civ.P. 12(e). The motion for a more definite statement alleged that Associates' third-party complaint was vague and ambiguous in that it "fail[ed] to allege which of the eight counts in the plaintiff's Petition are the responsibility of" third-party defendants. (Doc. 15). The court did not rule on the motion for a more definite statement, but Associates filed a response to the motion on September 25, 1992, specifying the counts of plaintiff's complaint for which Associates sought indemnity from third-party defendants. (Doc. 19). On October 2, 1992, Associates also filed an amended answer to plaintiff's complaint, which, however, made no new allegations against third-party defendants. (Doc. 21). On October 5, 1992, third-party defendants answered Associates' third-party complaint, raising for the first time the defense of personal jurisdiction. (Doc. 22, ¶ 10). On December 1, 1992, third-party defendants filed an "Amended Motion for a More Definite Statement." (Doc. 50). This amended motion is virtually identical to third-party defendants' September 15 motion for a more definite statement, with the exception that third-party defendants purport to "specifically reserve[ ] and raise[ ] the defenses of lack of personal jurisdiction, improper venue, insufficiency of process, insufficiency of service of process, and failure to state a cause of action upon which relief can be granted."

Associates contends that third-party defendants have waived the defense of personal jurisdiction by failing to consolidate this defense in their initial motion for a more definite statement. A third-party defendant is required to "make any defenses to the third-party plaintiff's claim as provided in Rule

12...." Fed.R.Civ.P. 14(a). Rule 12(g) of the Federal Rules of Civil Procedure provides:

> A party who makes a motion under this rule may join with it any other motions herein provided for and then available to the party. If a party makes a motion under this rule but omits therefrom any defense or objection then available to the party which this rule permits to be raised by motion, the party shall not thereafter make *a motion* based on the defense or objection so omitted, except a motion as provided in subdivision (h)(2) hereof on any of the grounds there stated.

(emphasis added). By its express terms, this rule only prohibits a party from raising by way of a second *motion* any defenses available when the party filed an initial motion authorized by Rule 12. Thus, Rule 12(g) by itself does not prohibit a party from raising in a *responsive pleading* additional defenses and objections that were omitted from a pre-answer motion.

Nonetheless, Rule 12(h)(1) prevents a party from raising four enumerated defenses even in a responsive pleading that follows a pre-answer motion made under Rule 12:

> A defense of *lack of jurisdiction over the person*, improper venue, insufficiency of process, or insufficiency of service of process is waived (A) if omitted from a motion in the circumstances described in subdivision (g), . . . .

(emphasis added). Thus, under Rule 12(h)(1)(A), "[i]f a party files a pre-answer motion and fails to assert the defenses of lack of personal jurisdiction or insufficiency of service, he waives these defenses." *FDIC v. Oaklawn Apartments*, 959 F.2d 170, 175 (10th Cir.1992).

There is nothing in the express language of Rule 12 that would exempt a Rule 12(e) motion for a more definite statement from the rule requiring consolidation of all Rule 12 defenses and objections. Indeed, Rule 12(g) expressly requires consolidation of "any defense or objection then available to the party which this rule permits to be raised by motion" whenever a party has initially made "a motion *under this rule*." Obviously, a Rule 12(e) motion for a more definite statement is

a motion made "under this rule." Thus, the cases and commentators are overwhelmingly of the opinion that a party who makes a Rule 12(e) motion for a more definite statement may not thereafter assert by motion a Rule 12(b) defense that was available at the time of the initial motion. *Martin v. Delaware Law School of Widener Univ.*, 625 F.Supp. 1288, 1296 n. 5 (D.Del.1985), *aff'd mem.*, 884 F.2d 1384 (3d Cir.), *cert. denied*, 493 U.S. 966, 110 S.Ct. 411, 107 L.Ed.2d 376 (1989); *Printing Plate Supply Co. v. Curtis Publishing Co.*, 278 F.Supp. 642, 645 (E.D.Pa.1968); *Broomfield v. Doolittle*, 2 F.R.D. 517 (S.D.N.Y.1942); 5A C. Wright & A. Miller, *Federal Practice and Procedure* § 1388, at 737–38 (2d ed. 1990); 2A J. Moore & J. Lucas, *Moore's Federal Practice* ¶ 12.19, at 12–160 (2d ed. 1993). *See also In re Daboul*, 82 B.R. 657, 659 (Bankr.D.Mass.1987) (debtor was required to consolidate sufficiency of process objection with motion for more definite statement or risk waiving both defenses); *cf. Rizzo v. Ammond*, 182 F.Supp. 456, 469 (D.N.J.1960).

Third-party defendants respond that a motion for a more definite statement is not a responsive pleading. This observation is irrelevant. Rules 12(g) and 12(h)(1)(A) require the inclusion of the personal jurisdiction defense in a pre-answer *motion*—not a responsive pleading. The consequence of omitting the defense of personal jurisdiction from a responsive pleading is addressed separately under Rule 12(h)(1)(B).

Nor have third-party defendants suggested anything that would have prevented them from challenging in the motion for a more definite statement the court's personal jurisdiction over them. Indeed, the only actions, wrongful or otherwise, that the answer and third-party complaint attributes to third-party defendants Clark and Lett were actions taken exclusively in Tennessee. Moreover, the only "difficulty the third-party defendants [had] in responding to the plaintiff's third-party Petition [was] that the Third-Party Petition fail[ed] to allege which of the eight counts in the plaintiff's Petition are the responsibility of" third-party defendants. (Motion for More Definite Statement, Doc. 15). Significantly, third-party defendants

have not called attention to any additional information disclosed subsequent to their motion for a more definite statement that suddenly allowed them to raise a personal jurisdiction defense allegedly unavailable at the time of their initial motion. Because this defense was available to third-party defendants at the time they filed their motion for a more definite statement, their failure to raise it in that motion resulted in a waiver of any objections to the court's personal jurisdiction.

Finally, the court gives no effect to third-party defendants' amended motion for a more definite statement. This amended motion was made after Associates had in fact filed a more definite statement and even after third-party defendants had filed their answer. The amended motion is a transparent attempt to assert additional defenses retroactively that third-party defendants omitted from their initial motion for a more definite statement.

■ In any event, to the extent that third-party defendants genuinely desire a more definite statement, the amended motion must be denied. A "party may move for a more definite statement *before* interposing a responsive pleading." Fed.R.Civ.P. 12(e) (emphasis added). Third-party defendants, however, filed their amended motion for a more definite statement *after* filing a responsive pleading. Apparently, therefore, third-party defendants were able to frame a responsive pleading without further clarification from Associates. The amended motion for a more definite statement is not authorized under Rule 12(e). *See also California Int'l Chem. Co. v. Neptune Pool Serv., Inc.*, 770 F.Supp. 1530, 1532 (M.D.Fla.1991) (filing of motion to dismiss for failure to state a claim precluded subsequent motion for more definite state-

ment); *FRA S.p.A v. Surg–O–Flex of Am.*, 415 F.Supp. 421, 427 (S.D.N.Y.1976).

### B. Failure to State a Claim

■ Third-party defendants allege that Associates' claim is based upon "implied indemnity" under the rubric of the "active/passive" dichotomy, which is no longer recognized in Kansas. *See Kennedy v. City of Sawyer*, 228 Kan. 439, 454, 618 P.2d 788 (1980); *Haysville U.S.D. No. 261 v. GAF Corp.*, 233 Kan. 635, 642, 666 P.2d 192, 199 (1983). Third-party defendants note that under the Kansas comparative fault statute, each defendant is liable only in proportion to his relative fault. *See, e.g., Teepak, Inc. v. Learned*, 237 Kan. 320, 699 P.2d 35 (1985). Thus, because impleader is proper only if the party has a right to relief under the governing substantive law, *see Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir.1983); *In re Department of Energy Stripper Well Exemption Litig.*, 752 F.Supp. 1534, 1536 (D.Kan.1990), third-party defendants contend that Associates has no valid claim for indemnity against them.

This argument is meritless. The basis for Associates' indemnity claim against third-party defendants is an agency theory, whereby Associates seeks to hold its alleged agents liable for any amounts that Associates is found liable to plaintiff. Although third-party defendants correctly note that Kansas no longer recognizes implied indemnity based upon the "active" wrong of another,[1] no Kansas case has questioned the viability of implied indemnity based upon agency principles. *See Kennedy*, 228 Kan. at 454, 618 P.2d 788 (citing respondeat superior liability of principal for acts of agent as an example of implied indemnity). Indeed, Kansas contin-

---

1. The court notes, however, that the Kansas comparative fault statute only applies to *negligent* tortious conduct, and that joint and several liability remains the law as to intentional tortfeasors. *See Sieben v. Sieben*, 231 Kan. 372, 378, 646 P.2d 1036, 1041 (1982); *Gray v. City of Kansas City*, 603 F.Supp. 872, 876 (D.Kan.1985). Moreover, the Kansas Supreme Court has expressly held that an employer who negligently hires an intentional tortfeasor may not proportionately reduce his liability to a plaintiff injured by that employee. *Kansas State Bank & Trust Co. v. Specialized Trans. Serv., Inc.*, 249 Kan. 348, 373–76, 819

P.2d 587 (1991). Regardless of whether Associates becomes liable to plaintiff vicariously under respondeat superior, or directly under plaintiff's claim of negligent retention, the Kansas comparative fault statute would not allow Associates to reduce its liability for the intentional torts of its agents. Thus, not only do third-party defendants fail to recognize that Associates' indemnity claim is properly based on agency principles, third-party defendants have also proceeded from the erroneous legal premise that Associates may not be found jointly and severally liable for plaintiff's injuries.

ues to recognize the right of an employer to seek indemnity against his employee for liability resulting from the employee's tortious acts. *See, e.g., Bair v. Peck*, 248 Kan. 824, 843, 811 P.2d 1176 (1991).[2] Thus, because Associates has sued each third-party defendant as a person "who is or may be liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff," Fed.R.Civ.P. 14(a), Associates has properly implead third-party defendants.

■ The third-party complaint is also opposed by plaintiff.[3] Plaintiff argues that his claims against Associates are based upon duties imposed under the Uniform Commercial Code and by contract, and thus, that third-party defendants have "no duty" under the contract between plaintiff and Associates. A proper third-party complaint, however, does not depend upon the existence of a duty on the part of the third-party defendant toward the plaintiff. To the contrary, impleader is proper *only* if the third-party defendant "is or may be liable *to the third-party plaintiff* for all or part of the plaintiff's claim against the third-party plaintiff...." Fed. R.Civ.P. 14(a). Although plaintiff correctly quotes the rule that "a defendant has no right under Rule 14(a) to implead a non-party who is only liable to plaintiff," *Harrison v. Glendel Drilling Co.*, 679 F.Supp. 1413, 1422 (W.D.La.1988), plaintiff fails to appreciate that this very rule defeats his argument.

■ Moreover, contrary to plaintiff's belief, a third-party defendant need not be "necessarily liable over" to the third-party plaintiff in the event the third-party plaintiff is found liable toward the plaintiff. A third-

party defendant must be "liable over" to the defendant only in the sense that the third-party claim is derivative of, and dependent upon, the success of the plaintiff's claim. *See EEOC v. Gard Corp.*, 795 F.Supp. 1070, 1072 (D.Kan.1992). Although Rule 14 does not allow a defendant to assert an independent claim for relief from a liability that does not arise out of the plaintiff's claim against the defendant, *see Comeau v. Rupp*, 762 F.Supp. 1434, 1446 (D.Kan.1991), Rule 14(a) expressly allows impleader of a person who "is or *may be* liable to the third-party plaintiff for all or part of the plaintiff's claim against the third-party plaintiff." (emphasis added). Thus, "[t]he third-party claim need not be based on the same theory as the main claim," and "impleader is proper even though the third-party defendant's liability is not automatically established once the third-party plaintiff's liability to the original plaintiff has been determined." 4 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1446, at 372 & 373 (2d ed. 1990).

■ Nor does the court find any relevance to plaintiff's observation that it is "inconsistent" for Associates to deny the existence of an agency relationship between it and third-party defendants, while at the same time Associates claims indemnity based upon this relationship. In essence, plaintiff argues that Associates is not entitled to plead alternative or inconsistent claims and defenses, contrary to the permissibility of this practice under Fed.R.Civ.P. 8(a) and (e)(2).

The court finds that Associates has stated a valid claim for indemnity against third-party defendants.

**2.** This well established rule of law is also recognized by Tennessee. *See Craven v. Lawson*, 534 S.W.2d 653, 656 (Tenn.1976).

**3.** The court will consider plaintiff's substantive objections to Associates' claims against third-party defendants, for Fed.R.Civ.P. 14(a) expressly provides that *"[a]ny party* may move to strike the third-party claim, or for its severance or separate trial." (emphasis added). The court will not consider, however, plaintiff's objections to the court's *in personam* jurisdiction over third-party defendants. A party must have standing to raise objections to particular issues. *See, e.g., Warth v. Seldin*, 422 U.S. 490, 498, 95 S.Ct. 2197, 2204–

05, 45 L.Ed.2d 343 (1975); *Morgan v. Walter*, 758 F.Supp. 597, 600 (D.Idaho 1991). Thus, because a defendant may waive objections to the court's jurisdiction over his person, "a lack of jurisdiction or venue cannot be asserted by the original plaintiff as to the third-party claim...." 4 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1445, at 353 (2d ed. 1990). *See also DeFazio v. Wright*, 229 F.Supp. 111, 113 (D.N.J.1964). The court has already determined that third-party defendants have waived their personal jurisdiction defense, and plaintiff has no standing to assert this personal defense for third-party defendants.

## C. Discretionary Considerations

Plaintiff also opposes impleader on the ground that the inclusion of Associates' indemnity claims against third-party defendants will unduly complicate the original suit.

Whether to allow a defendant to prosecute a third-party proceeding under Rule 14 rests within the sounds discretion of the trial court. *First Nat'l Bank of Nocona v. Duncan Savings & Loan Ass'n,* 957 F.2d 775, 777 (10th Cir.1992). In exercising its discretion, the court is mindful that the purpose of Rule 14 is

> to accomplish in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits. The rule should be liberally construed to effectuate its intended purposes.

*United States v. Acord,* 209 F.2d 709, 712 (10th Cir.), *cert. denied,* 347 U.S. 975, 74 S.Ct. 786, 98 L.Ed. 1115 (1954). *See also United States v. Yellow Cab Co.,* 340 U.S. 543, 556, 71 S.Ct. 399, 407, 95 L.Ed. 523 (1951). Thus, the court should generally allow impleader of a proper third-party action unless it will result in some prejudice to the other parties. 4 C. Wright, A. Miller, & M. Kane, *Federal Practice and Procedure* § 1443, at 303 (2d ed. 1990).

The court finds no merit to plaintiff's fear of confusing the issues. Indeed, many of the issues are so closely related that resolution of plaintiff's claims might well collaterally estop Associates from relitigating these issues in a separate proceeding—to the significant prejudice of Associates. For example, the primary basis on which plaintiff seeks to hold Associates' liable for the acts of its agents is respondeat superior, which, if meritorious, would then allow Associates to recover against its agents.

The court finds that the practical and equitable considerations overwhelmingly favor trial of all claims herein to a single jury. The motion to strike the third-party complaint or separate trial will therefore be denied.

## II. Punitive Damages

### A. Defendant's Arguments

Associates moves for judgment on the pleadings with respect to plaintiff's claim for punitive damages (Doc. 34). According to Associates, plaintiff seeks to hold it liable for punitive damages assessed solely on the basis of intentional torts committed by Associates' agents. Associates argues that Kansas law does not permit an award of punitive damages against a principal based upon the principal's vicarious liability under respondeat superior.

Plaintiff responds that Associates may be held liable for punitive damages because Kansas law permits such damages against a principal whenever the principal has ratified the wrongful acts of his agent by retaining the benefits of the acts. *See Kline v. Multi–Media Cablevision, Inc.,* 233 Kan. 988, 666 P.2d 711, syl. ¶ 4 (1983); *Will v. Hughes,* 172 Kan. 45, 55, 238 P.2d 478 (1951) (upholding award of punitive damages against principal when principal had ratified agent's actions by retaining benefits); *see also* 3 Am.Jur.2d *Agency* § 195 (rev. ed. 1986) (acceptance of benefits is not ratification if principal does not have knowledge of the material facts surrounding the transaction). In a subsequent "Motion to Determine Substantive Law," however, plaintiff also argues that Tennessee, rather than Kansas, law applies to plaintiff's claims against Associates, and that his punitive damage claims are sustainable under Tennessee law.

Associates raises only procedural objections to the court's consideration of plaintiff's arguments in favor of Tennessee law. The court finds no merit to any of Associates' objections. The case is less than one year old, and the parties are still in the process of completing discovery and framing the legal issues. At this early stage, there is no basis to the allegation that plaintiff has somehow waived any choice of law arguments by responding with Kansas law to Associates' Kansas law arguments.

Nor does the court find any merit to the suggestion that plaintiff's motion is somehow moot, insofar as plaintiff has not shown how Tennessee law affords plaintiff a more

favorable result. The court knows of no rule of law requiring a party to make such a showing before he may be permitted to make a choice of law argument.[4]

Finally, the court denies Associates' alternative motion to "respond" to plaintiff's arguments in favor of Tennessee law. Associates has already had the opportunity to respond to these arguments, but has imprudently chosen to oppose them solely on procedural grounds that the court rejects.

■ In this diversity action, the choice of law rules of the forum state are binding upon this court. *Klaxon v. Stentor Elec. Mfg. Co.,* 313 U.S. 487, 61 S.Ct. 1020, 85 L.Ed. 1477 (1941). For tort claims, Kansas follows the choice of law rule of *lex loci delicti,* which directs application of the substantive law of the state where the tort occurred. *Brown v. Kleen Kut Mfg. Co.,* 238 Kan. 642, 644, 714 P.2d 942 (1986). For purposes of this rule, a tort occurs at the situs of the injury. *Ling v. Jan's Liquors,* 237 Kan. 629, 634, 703 P.2d 731 (1985); *Ritchie Enters. v. Honeywell Bull, Inc.,* 730 F.Supp. 1041, 1046 (D.Kan. 1990). By contrast, a contract action is governed by the substantive law of the jurisdiction where the contract was made. *State Farm Mutual Auto Ins. Co. v. Baker,* 14 Kan.App.2d 641, 644–45, 797 P.2d 168, *review denied,* 247 Kan. 705 (1990); *Civic Assocs., Inc. v. Security Ins. Co. of Hartford,* 749 F.Supp. 1076, 1079 (D.Kan.1990).

Plaintiff's complaint presents both tort and contract theories against Associates. In particular, plaintiff seeks damages for personal and property injury under theories of conversion, wrongful repossession, tort of outrage, and invasion of privacy. Count IV of the complaint alleges breach of contract. The security agreements signed by the parties provide that the seller, in the event of default by the buyer, may exercise all of his rights and remedies "under the Uniform Commercial Code and any other applicable laws." Plaintiff alleges that defendant, by repossess-

ing through a breach of peace, proceeded contrary to the rights and remedies available to a secured party under the Uniform Commercial Code. *See* U.C.C. § 9–503. The security agreements were executed in Kansas.

Plaintiff argues, however, that his claims against Associates essentially sound in tort, and therefore, that the law of Tennessee applies for the tortious repossession of plaintiff's tractor-trailer in Tennessee. " 'The difference between a tort and contract action is that a breach of contract is a failure of performance of a duty arising or imposed by agreement; whereas, a tort is a violation of a duty imposed by law.' " *Tamarac Dev. Co. v. Delamater, Freund & Assocs.,* 234 Kan. 618, 619–20, 675 P.2d 361 (1984) (citation omitted).

> When elements of both contract and tort are present, the key difference is whether the contract calls for a specific result. When the contract does not call for the specific result at issue, the action is more in the nature of a violation of a duty imposed by law instead of failure to perform a duty arising by reason of agreement. In such a case, the plaintiff's complaint is not that the defendant failed to perform the contract, but that the defendant failed to perform it with due care.

*Hunt v. KMG Main Hurdman,* 17 Kan. App.2d 418, 839 P.2d 45, syl. ¶ 4 (1992).

Plaintiff alleges that defendant's agents used physical force to repossess the collateral, resulting in a broken leg and other injuries to plaintiff. This, in addition to plaintiff's claim for conversion, obviously state a cause of action sounding in tort. Moreover, plaintiff's contract claim is based on a general provision in the security agreements that, by negative implication, prohibits the secured party from proceeding contrary to his rights under the UCC. This contractual provision calls for no specific result but merely incorporates rights created, and duties imposed, by law under the UCC. Generally, a cause of action based upon the violation of statuto-

---

4. In any event, Tennessee law does appear to impose punitive damages on a principal in circumstances which would not permitted under Kansas law. Unlike Tennessee, *supra* at pp. 17–18, Kansas follows the minority "complicity rule" of the Restatement (Second) of Torts § 909 (1977), under which a principal may not be held liable for punitive damages merely because his agent acted within the scope of his agency. *See Gould v. Taco Bell,* 239 Kan. 564, 571, 722 P.2d 511, 517 (1986).

ry duties is more appropriately considered to sound in tort—regardless of the existence of a contract that incorporates those duties. *See Hunt,* 17 Kan.App.2d at 422–23, 839 P.2d 45.

The court finds that plaintiff's cause of action sounds in tort rather than contract. Thus, because the injury allegedly inflicted on plaintiff occurred in Tennessee, Tennessee law shall govern plaintiff's claims against Associates.

 Under Tennessee law, "punitive damages may be awarded against a principal whose liability arises from the acts of an agent." *Dodson v. Anderson,* 710 S.W.2d 510, 513 (Tenn.1986). Moreover, Tennessee recognizes that the duty to repossess peaceably is non-delegable, and thus, "a secured party is vicariously liable for wrongful acts of the repossessor even if the repossessor is an independent contractor." *McCall v. Owens,* 820 S.W.2d 748, 751–52 (Tenn.Ct.App.1991). *Accord King v. Citizens Bank of Warrensburg,* No. 88–2576–0, 1990 WL 154210, at *4 n. 7 (D.Kan. Sept. 19, 1990) (applying Missouri law, "Each state that has been faced with the issue has decided that § 9–503 imposes a nondelegable duty on the secured party to ensure that self-help repossessions are performed without breaches of the peace."). Nonetheless, although the principal may be held vicariously liable for punitive damages based upon the agent's tortious act within the scope of his agency, "such liability is not legally mandatory," and the jury has discretion to refuse to award punitive damages against a principal based solely upon the wrongful acts of the agent. *Huckeby v. Spangler,* 563 S.W.2d 555, 559–60 (Tenn. 1978). This discretion also allows a jury to decline to assess punitive damages against a secured party based upon a wrongful repossession at the hands of an independent contractor. *See McCall,* 820 S.W.2d at 753.

The court concludes that plaintiff has stated a viable claim for punitive damages. If the repossession was effected through a breach of peace, and in a manner sufficiently egregious under Tennessee law, a jury would have the discretion to assess punitive damages against Associates irrespective of third-party defendants' status as agents or independent contractors.

### B. *Third–Party Defendants' Arguments*

Third-party defendants also move to dismiss Associates' indemnity claim for punitive damages, arguing that plaintiff has no claim for punitive damages against Associates, and thus, Associates has no derivative claim for such damages against third-party defendants. Pursuant to Fed.R.Civ.P. 14, "[t]he third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim."

Because plaintiff has stated a viable claim for punitive damages against Associates, and because Associates has stated an indemnity claim against third-party defendants for any amounts for which Associates' is held vicariously liable to plaintiff, the court rejects the substantive arguments of third-party defendants.

 Third-party defendants also submit that plaintiff has not complied with unspecified procedural requirements imposed upon a plaintiff seeking punitive damages under Kansas law. *See* K.S.A. § 60–3701 *et seq.* Third-party defendants do not inform the court of those provisions with which plaintiff has allegedly failed to comply. Additionally, the court notes that certain of the Judges in this District have ruled that at least some of the provisions of that statute are procedural, and thus, not binding upon a federal court sitting in diversity. *See NAL II, Ltd. v. Tonkin,* 705 F.Supp. 522, 528 (D.Kan.1989) (Saffels, J.); *Comeau v. Rupp,* 762 F.Supp. 1434, 1437–38 (D.Kan.1991) (Theis, J.). "[T]he court will not construct arguments or theories for the [defendant] in the absence of any discussion of those issues." *Drake v. City of Fort Collins,* 927 F.2d 1156, 1159 (10th Cir.1991). *See also Phillips v. Calhoun,* 956 F.2d 949, 953–54 (10th Cir.1992) (court may properly reject an argument unsupported by any authority or reason for lack of authority). Thus, the court rejects third-party defendants' procedural challenges to plaintiff's punitive damage claim against Associates.

### III. *Protective Order*

Associates has moved for a protective order against the discovery of evidence of its net worth. Associates opposes discovery on the grounds that such evidence is relevant only as to the issue of punitive damages, which Associates does not believe are recoverable against it.

Because the court has concluded that plaintiff has stated a valid claim for punitive damages against Associates, the motion for protective order will be denied.

Accordingly, the court denies third-party defendants' motion to dismiss (Doc. 30); denies third-party defendants' amended motion for a more definite statement (Doc. 50); denies the motion of plaintiff to strike the third-party complaint or for severance or separate trial (Doc. 17); denies the motion of defendant for a protective order (Doc. 36); and denies and the motion of defendant for judgment on the pleadings with respect to plaintiff's claim for punitive damages (Doc. 34).

**IT IS SO ORDERED.**